CHRISTIANA E. HENDRICKSON v. ALBERT N. SULLIVAN.

[FILED FEBRUARY 18, 1890.]

1. **Error Proceedings:** DISMISSAL. When all parties to a joint judgment have not been brought before a reviewing court in proceedings in error, as either plaintiff or defendant, and no excuse is given for not doing so, the defendant may have the case dismissed.

2. ———: SUMMONS: NEED NOT BE SERVED WITHIN A YEAR. It is not necessary that a summons in error should be served within one year from the date of the rendition of the judgment sought to be reversed. If the summons that is served is issued within the year it is sufficient.

MOTION to dismiss.

*A. N. Sullivan,* for the motion.

*Adams, Lansing & Scott, contra.*

NORVAL, J.

The plaintiff in error, Christiana E. Hendrickson, sued the defendants in error, Albert N. Sullivan and Allen Beeson, in the district court of Cass county on a cause of action joint in form.  The cause was tried to a jury and a verdict returned finding for both the defendants.  Judgment was rendered on the verdict in favor of the defendants and against the plaintiff on the 21st day of December, 1887.  On this 20th day of December, 1888, a petition in error was filed in this court by the said Christiana E. Hendrickson, and on said day a summons in error was duly issued against said Sullivan and Beeson, which was served on the defendant Sullivan only on the 12th day of January, 1889.  No service was ever obtained or attempted on the defendant Beeson, nor has he made any appearance in the cause in this court.

The defendant in error Sullivan moves to dismiss the cause for the following reasons :

1. No service of summons has been made upon his co-defendant Allen Beeson.

2. That service of summons was not had on this defendant within one year from the rendition of the judgment sought to be reversed.

The failure to serve the summons in error within one year from the date of the judgment is no cause for dismissing the case. This court has so held in the case of *Rogers v. Redick*, 10 Neb., 332. The following is the third clause of the syllabus in the case : "A summons in error must be issued within one year from the date of the judgment or final order sought to be reviewed, although it may be served afterwards."

The first point in the motion to dismiss is well taken. The judgment of the district court is a joint one, in favor of both the defendants. No excuse is given for the failure to obtain service on the defendant Beeson, and the time has now elapsed in which a summons in error can be issued. All the parties in a joint judgment are necessary parties to proceedings in error brought to reverse such judgment, and must be made so, as either plaintiffs or defendants in error. (Powell on Appellate Proceedings, 273 ; *Smetters v. Rainey*, 14 O. S., 287; *Simpson v. Greeley*, 20 Wall., 152.) The failure to serve a summons in error on Beeson releases him from liability on the plaintiff's cause of action, and the release of Beeson also releases his co-defendant Sullivan.

The motion to dismiss must be sustained.

MOTION SUSTAINED.

THE other judges concur.