PHILIP ANDRES ET AL. v. W. H. KRIDLER.

FILED NOVEMBER 20, 1894.    No. 6284.

1. **Error Proceedings**: PARTIES. Where only a part of several defendants, against all of whom a joint judgment has been rendered, file a petition in error for the purpose of procuring the vacation of such judgment, and the judgment defendants who have not joined in the petition in error are not made defendants in error, there exists such defect of parties that the judgment complained of cannot be reviewed.

2. ———: ———. Judgment defendants, who, within the time allowed by statute for the institution of error proceedings have not been made parties to such proceedings pending in this court, cannot become plaintiffs in error; they may, however, with their consent be made defendants in error to obviate a defect of parties.

MOTION to dismiss proceeding in error on the ground of defect of parties. *Motion overruled.*

*John P. Breen,* for the motion.

*Charles W. Haller, contra.*

RYAN, C.

On a trial had of a certain cause pending in the district court of Douglas county judgment was on November 7, 1892, rendered in favor of the plaintiff, W. H. Kridler, against the defendants, John Jenkins, Philip Andres, Thomas Falconer, Dennis J. Keleher, James H. Standover, Cornelius M. O'Donovan, and J. W. McDonald. On the 27th day of June, 1893, there was filed in this court a transcript of the record and the bill of exceptions in said cause. At the same time there was filed a petition in error, wherein Philip Andres, John Jenkins, Thomas Falconer, J. H. Standover, and J. W. McDonald were the only plaintiffs in error named. On the 14th day of October,

1894, there was filed a motion to dismiss the petition and proceedings in error for the reason that but five of the seven defendants, against whom a joint judgment had been rendered, by petition in error had asked for its reversal. On the 16th day of October, 1894, this motion was submitted. Contemporaneously with this submission plaintiffs in error were given leave to make a showing why the motion to dismiss should not be sustained. On the 20th day of the month last named there was filed a brief in resistance of the motion to dismiss, accompanied by written entries of appearance of Dennis J. Keleher, C. M. O'Donovan, and their written waivers of the fact that a summons in error had not issued or been served on each of them within the time fixed by statute.

In *Wolf v. Murphy*, 21 Neb., 472, it was held that all parties in a joint judgment were necessary parties to a petition by one of their number to reverse it and might be made so as plaintiffs or defendants. This rule as to the necessity of the parties was again announced and enforced in *Hendrickson v. Sullivan*, 28 Neb., 790. In *Consaul v. Sheldon*, 35 Neb., 247, it was held that by the submission of a cause on its merits without urging that there was a defect of parties, such defect was waived. This ruling was followed in *Curtin v. Atkinson*, 36 Neb., 110, wherein it was said that " where parties to a proceeding in error submit the controversy upon its merits they will be held to have waived the objection that there is a defect of parties." From these cases the conclusions deducible seem to be that where a joint judgment has been rendered against more than one defendant all should by petition in error ask for a review of such judgment, yet that a defect of parties in error proceedings may be waived. The want of jurisdiction which is said to exist when all the judgment defendants have not presented a petition in error refers to parties rather than to subject-matter; otherwise it could not be waived by mere failure to urge it. Where such a defect of
54

parties exists the court nevertheless obtains jurisdiction of the subject-matter as between the existing parties to the error proceedings, but to an exercise of that jurisdiction it is necessary to bring in the parties omitted. In such cases, after the expiration of the time within which error proceedings may be instituted, the omitted parties may not file a petition in error, neither can they join as plaintiffs in one already filed. Their presence is only required to enable this court properly to exercise its jurisdiction to the extent that it has already attached. Under the provisions of sections 40, 41, and 42 of the Code of Civil Procedure these parties must be made defendants since they cannot join as plaintiffs. If any reason exists why they should not as defendants be made parties it is their right to urge it. In the case under consideration the judgment defendants who did not in due time join in the proceedings in error have voluntarily appeared and waived all objections to the failure sooner to make them parties. To a review of the errors assigned in due time the court has therefore jurisdiction of the subject-matter and there is now no defect of parties. The motion to dismiss is

OVERRULED.