## PETER FARNEY v. HAMILTON COUNTY.

FILED MAY 4, 1898. No. 8953.

1. **Petition in Error: PARTIES.** It is a firmly established rule in this state that all the parties to a joint judgment must be made parties to a petition in error, as plaintiffs or defendants; and a failure in this respect, if seasonably urged, is sufficient ground for the dismissal of the proceeding.

2. **Joint Judgment: FINDINGS.** A judgment otherwise joint in form is not rendered several by a finding as to which of the defendants is the principal debtor, and which are the sureties.

3. **Petition in Error: PARTIES: WAIVER OF DEFECT.** The mere acceptance of service of briefs by a defendant to an error proceeding is not a waiver of the objection that there is a defect of parties.

ERROR from the district court of Hamilton county. Tried below before SEDGWICK, J. *Proceeding in error dismissed.*

*Whitmore & Stanley* and *Matt Miller*, for plaintiff in error.

*A. W. Agee, contra.*

NORVAL, J.

This suit was brought by the county of Hamilton against Peter Farney as principal and forty-eight others as sureties upon the official bond of said Farney as treasurer of said county. Upon the issues joined by the pleadings there was a trial to a jury, which resulted in a joint verdict against all the defendants in the sum of $1,128.89. The defendants filed a joint motion for a new trial, which the court overruled, and on May 4, 1896, judgment was rendered upon the verdict, in form joint against all the defendants, for the amount so found by the jury. To reverse this judgment the defendant Peter Farney alone prosecuted a petition in error to this court, he being the only plaintiff in error named; and his co-defendants were not made parties to the proceeding in this court, nor are their names mentioned in the petition in error. On March 11, 1898, the county filed a motion to dismiss the petition in error on the ground of defect of parties, since more than one year has elapsed after the rendition of the judgment, and none of the co-defendants of Farney have been made parties in this court. The motion has been submitted for consideration.

It is well settled that to obtain a review of a joint judgment by petition in error all persons shown by the record to be substantially interested must be made parties to the proceeding, as plaintiffs or defendants. (*Wolf v. Murphy*, 21 Neb. 472; *Hendrickson v. Sullivan*, 28 Neb. 790; *Andres v. Kridler*, 42 Neb. 784; *Polk v. Covell*, 43 Neb. 884; *Kuhl v. Pierce County*, 44 Neb. 584.) The doctrine

just stated is not assailed by counsel for plaintiff herein as being unsound, but it is argued that the rule cannot be invoked in the case in hand for reasons which will be hereafter stated.

It is insisted that the judgment here sought to be reviewed is not joint, but there is a special controversy between the county and Farney in which the other defendants below are not interested; hence it is unnecessary to bring them into this court. This argument is based upon the fact that the trial court found that Farney was the principal debtor and that his co-defendants were liable as sureties merely, and it was there determined that the judgment should be enforced against the principal first, and in the event the amount could not be collected from him, then from the sureties. This did not constitute separate and distinct judgments, one against the principal debtor, and the other against his sureties. The judgment as pronounced is joint in form and legal effect against all the defendants, in favor of the county, with an adjudication in accordance with the provisions of section 511 of the Code of Civil Procedure, determining which of the defendants is the principal debtor and which are the sureties. The judgment is as much joint, and all the defendants will be affected by the adjudication in the appellate court to the same extent, as though the defendants had all been principal debtors, and the trial court had so found.

It is urged that the motion should not be sustained, because Farney, it is alleged, has deposited with the clerk of the trial court $1,500 as a protection of the sureties in case the judgment should be affirmed. A short and complete answer to this is that there is no competent evidence that the alleged deposit was ever made. There is among the papers in the case a document purporting to be a receipt by one J. B. Cunningham, clerk of the district court, for $1,500; but it is in no manner authenticated by certificate of the clerk of the court

below as being either original or a copy; hence such paper cannot be considered. We must not be understood as intimating that a deposit of the amount of the judgment by Farney would give him the right to prosecute a petition in error without bringing before this court all the parties to the judgment.

It is also insisted that the county has waived its right to object to a hearing on the merits by accepting service of the briefs of the opposing party without then raising the point that there was a defect of parties. The doctrine has been more than once asserted that the submission of a cause on the merits in the appellate court, without objection that all the parties to a joint judgment had not been brought in by the petition in error, is a waiver of such defect. (*Consaul v. Sheldon*, 35 Neb. 247; *Curtin v. Atkinson*, 36 Neb. 110.) But in no case has this court held that the acceptance of service of briefs is a waiver of a defect of parties. It certainly could not have that effect. A defendant to a petition in error has the right to insist, on his first appearance in the appellate court, before the final submission is there taken on the merits of the cause, that all parties interested in either sustaining or reversing the judgment brought up for review must be made parties to the error proceeding, either as plaintiffs or defendants. It follows that the motion to dismiss must be sustained.

DISMISSED.