FRANK I. OLSEN, APPELLEE, V. JOHN A. MARQUIS,
APPELLANT.

FILED FEBRUARY 28, 1911.   No. 16,311.

1. **Appeal: PARTIES: WAIVER.** A nonjoinder of parties in an appeal
   to this court will be waived by not objecting until the case is
   submitted upon the merits.

2. **Jury; Right of Trial by.** In an action at law either party ordi-
   narily, as a matter of right, is entitled to a jury trial.

3. **Injunction: REMEDY AT LAW.** An injunction should not be granted
   to restrain an action in a county court on an account stated, upon
   the sole ground that the defendant in that court contends that
   the account sued upon is the property of an insolvent third per-
   son against whom he holds a valid set-off in excess of the account
   in suit, as the defendant has an adequate remedy by interposing
   his defense in the county court.

APPEAL from the district court for Hall county: JAMES
R. HANNA, JUDGE. *Reversed with directions.*

*Charles G. Ryan,* for appellant.

*Harrison & Prince,* contra.

ROOT, J.

W. P. Marquis and John A. Marquis are father and son.
The father resides in Grand Island, the son in Central
City. In July, 1906, the plaintiff, a resident of Grand
Island, and the elder Marquis jointly purchased 101
horses, which they subsequently sold. The evidence is un-
contradicted that the younger Marquis furnished his
father the money invested by him in these horses, but the
evidence is conflicting as to whether the plaintiff knew
that fact at the time of the purchase. The evidence tends
strongly to prove that the plaintiff acquired such knowl-
edge within a few weeks of that time, and before many
of the horses were sold, and there is evidence tending to
prove that the plaintiff subsequently, by his conduct, rec-

ognized John A. Marquis as a real party in interest in the venture. In March, 1907, the plaintiff selected one person and the younger Marquis another to settle the accounts made by the purchase and sale of the horses. These persons found, after taking an account of money paid out and money received, that the plaintiff retained $226.78 due his partner in the deal, and so stated the account. The following morning, on discovering that three items had not been considered by the accountants, it was agreed by Mr. Olsen that the balance should be $301.52. The testimony is conflicting as to whether the younger Marquis represented his father or himself in that settlement. The testimony is also in conflict as to whether the plaintiff agreed to pay the balance to John A. Marquis, but the evidence is clear, and there is no contention to the contrary, that the balance stated is absolutely accurate and that there are no charges against that sum because of any partnership transaction. Olsen did not pay this money, and justifies his refusal upon an alleged agreement between himself and the elder Marquis that Olsen should apply whatever might otherwise be due Marquis upon a store bill owing by him to the plaintiff. Thereupon John A. Marquis commenced an action against Olsen in the county court of Hall county to recover the account stated. Olsen answered and requested the court to implead W. P. Marquis as a party. The court refused to comply with the demand, and thereupon Olsen commenced this action in the district court for Hall county for an accounting between himself and the elder Marquis, for a judgment setting off the $301.52 against the store bill, and for an injunction to restrain John A. Marquis from prosecuting his action in the county court.

The plaintiff, among other things, alleges that W. P. Marquis is insolvent, and that the father and the son are in collusion with respect to the suit in the county court for the purpose of defrauding him. John A. Marquis moved to dissolve the injunction, but was denied relief. He then answered, denying the jurisdiction of the district

court to interfere with the action in the county court, and asked that the injunction be dissolved and the action dismissed. The district judge found in the plaintiff's favor, set off $301.52 against the elder Marqui.' store bill, and perpetually enjoined John A. Marquis from prosecuting the action in the county court. John A. Marquis is the sole appellant.

There is nothing in the transcript to advise us whether W. P. Marquis answered in the district court; notice of appeal was not served upon him, and he has not appeared in this court. The plaintiff argues that there is a defect of parties and that we should not consider the case upon its merits. The objection is not otherwise presented than by an argument in the brief, and was not brought to our attention until John A. Marquis had submitted the case upon the merits. Upon the authority of *Bates-Smith Investment Co. v. Scott,* 56 Neb. 475, the objection will be held to have been presented too late for consideration.

In an action at law either party is ordinarily entitled, as a matter of right, to a jury trial upon all questions of fact. Const., art. I, sec. 6; *Mills v. Miller,* 3 Neb. 87; *Lamaster v. Scofield & Cowperthwait,* 5 Neb. 148; *Kinkaid v. Hiatt,* 24 Neb. 562; *Risse v. Gasch,* 43 Neb. 287; *Lett v. Hammond,* 59 Neb. 339; *Yeiser v. Broadwell,* 80 Neb. 718.

We do not agree with the plaintiff's counsel that the facts in the instant case create any exception to the general rule, or that their client did not have an adequate remedy at law by defending against John A. Marquis' demand. If the account were stated with the elder and not the younger Marquis, and the younger man did not have title to his demand, those facts could be proved before a jury as effectually as before a court. There were no unsettled equities between Olsen and his former partner growing out of that relation. If the account at any time was the property of W. P. Marquis, he could not assign it free from any right of set-off existing between himself and Olsen. Code, secs. 31, 106. If, as between the elder and the younger Marquis, the $301.52 was the property of the

son, yet by reason of some fact or facts he should be estopped from asserting his title as against Olsen, those facts could be pleaded in the county court, and, if established, would defeat the action. We search in vain for any just ground for an assertion that the county court could not do complete justice between the litigants in that action. Nor does the fact that the plaintiff offered to submit this case to a jury cure the error. The findings of a jury, if one were impaneled, would not bind the court, nor would the appellant have been thereby awarded a jury trial within the meaning of the constitution.

The fact, if fact it be, that Olsen contends for a partnership with W. P. Marquis is immaterial in the light of the fact that their business had been settled. The fact that there was an unsettled store account between them would not justify a recourse to this action. *Lamaster v. Scofield & Cowperthwait, supra.* Nor can the plaintiff justify his conduct on the theory that his action is in the nature of a suit in interpleader. W. P. Marquis makes no claim to the money, nor is the plaintiff impartial in his attitude with respect thereto, but asserts the right to retain it as his own.

The judgment of the district court, therefore, is reversed and the cause is remanded, with directions to dissolve the injunction and to dismiss the action as to the defendant John A. Marquis.

REVERSED.