ANDREW G. WOLFENBARGER, APPELLEE, V. JOSEPH B. BRITT ET AL., APPELLANTS.

FILED MARCH 11, 1921.   No. 21361.

Contracts: JOINT CONTRACT: PARTIES.   Where two or more parties enter into a contract in which their interest in the subject-matter is joint, and the parties have undertaken to accomplish together a single result, and any advantage accruing to any one of them by virtue of the same contract is for the benefit of all, the contract is joint, and not joint and several.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. Reversed.

C. G. Miles and G. H. Risser, for appellants.

Ross P. Anderson, contra.

TIBBETS, C.

This is an action by plaintiff against the defendants, and each of them, to recover for attorney's fees rendered by the plaintiff for the defendants at their request and for cost and expenses paid and expended.   Trial had to a jury, who returned a verdict for the plaintiff and against the defendants for the sum of $400.89.   Judgment on the verdict.   Defendants appeal.

The plaintiff, a practicing attorney in the city of Lincoln, was employed by certain residents, citzens and taxpayers of school district No. 139 of Lancaster county, Nebraska, in reference to the establishment of a location for a schoolhouse and the voting of bonds.   There is no contention but what the services were rendered and that the plaintiff was employed to render them.   The contract was oral.   The defense is principally that the cause of action

did not accrue to the plaintiff against the defendants made parties alone, but jointly with one Douglas H. Roberts and L. L. Turner, who are still living. This the defendants claim was substantially a plea of nonjoinder or misjoinder of defendants on a joint contract, and that the same did not constitute a joint and several contract or a several contract. Defendants also allege that they have paid all the claims and demands against defendants, and a full settlement made. If the contract of the defendants was joint, then the cause should be reversed. If the obligations of the defendants were joint and several, or several, then that defense of the defendants is unavailing. The question of what constitutes a joint and several obligation or a several one is complicated in its nature. There is no question but what if the contract was joint, then under sections 7598, 7599, Rev. St. 1913, defendants' contention is well taken.

Section 7598 reads as follows: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Section 7599 provides: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

The testimony shows that the contract was made with the parties named defendants, and also one Douglas H. Roberts and L. L. Turner; it also shows that they are living, and no attempt was shown why they should not have been made parties and service had upon them. The employment was very informal in its nature. A meeting was held at Bethany, in which said district is located, and the defendants, or some of them, and also the said Roberts and Turner being jointly interested with all other defendants, and seeking the same object, attended said meeting,

and Turner was the man who suggested the employment of plaintiff to prosecute the interests of the defendants, and both were equally bound, by their conduct, as the defendants.

Decisions upon contracts of this kind are rare. Usually some instrument in writing or some formal acknowledgment of a contract is produced under which the parties claim, but in the instant case the services were rendered at the request of certain parties. The contract on the part of the plaintiff included no agreement as to the price to be paid for the service, and no agreement as to who should pay the cost and expense incidental to carrying on the litigation. Questions arose as to the value of the services, the payment of the costs, and other matters connected with the litigation that ensued, among which, and on which the defendants rely principally as a defense (outside of the demurrer), was the fact that an agent, as contended by the defendants, made an agreement after the services were nearly completed by which the payment of $400 by the defendants to the plaintiff would be in full satisfaction of all claims and demands plaintiff might have against them for services rendered and expenses and costs advanced. There was also a complaint on the part of the defendants that the court had failed to give certain instructions requested, and gave on his own motion certain erroneous instructions.

In view of the conclusion at which we have arrived, it will only be necessary to enter upon the discussion of the one question, whether the plaintiff can maintain this action against these defendants without joining as defendants the parties heretofore specified. "Where two persons were responsible on the sealed instructions to pay for the erection of a building, and both superintended the work, one acting in the other's absence, and always with a joint view to the same object, a parol promise by each at different times, to waive the written contract and pay the reasonable value, makes the promise joint." *Munroe v. Perkins,* 20 Am. Dec. 475 (9 Pick. (Mass.) 298).

In 6 R. C. L. 878, sec. 266, it is stated: " In some jurisdictions the rule prevails than an obligation *in solido* will never be presumed. But the general rule is that an obligation entered into by more than one person is presumed to be joint, and that a several responsibility will not arise except by words of severance. In other words, an obligation undertaken by two is presumably joint, in the absence of express words to render it joint and several. * * * One of the rules for determining whether a contract is joint is whether the interest of the parties in the subject-matter is joint."

In the case of *Alpaugh v. Wood,* 53 N. J. Law, 638, the court held: " Wherever an obligation is undertaken by two or more persons, the general presumption is that it is a joint and not a several obligation; and this presumption is strengthened when the promisors have undertaken to accomplish together a single result. Such presumption is not defeated by the fact that each promisor is to contribute separately to the entire result for which they bargain, and is entitled to a distinct interest under the contract, for which he would have a separate remedy."

In *Field & Field v. Runk,* 22 N. J. Law, 525, the principle laid down in the preceding case was affirmed.

In the case of *Dumanoise v. Townsend,* 80 Mich 302, the court in the opinion say: "And in determining whether there is a joint interest in the contract the benefit accruing from the contract has an important bearing."

In the case of *Fox v. Abbott,* 12 Neb. 328, Judge Maxwell in the opinion says: " The supreme court of Ohio in construing section 77 of the Code (section 84 of Nebraska) say: 'In an action upon a joint contract, all who are jointly liable must be joined. In this respect the rule of the common law has not been changed by our Code.'" Affirmed in *Young v. Joseph Bros. & Davidson,* 5 Neb. (Unof.) 559, and *Gyger v. Courtney,* 59 Neb. 555.

In *Perkins County v. Miller,* 55 Neb. 141, this court held: "In an action upon a joint contract, all who are jointly liable should be joined as defendants, and if ser-

vice of summons cannot be had upon all, the action may proceed against those served."

In the case of *Bowen v. Crow*, 16 Neb. 556, the court in the opinion states: "The only question presented to this court for consideration is, whether or not an action can be maintained against one of several joint debtors alone, or whether the action should be against all. The law seems to be settled that the action must be against all."

Under the light of the cited authorities, and many others that might be cited to the same effect, we are compelled to come to the conclusion that the liability of the defendants was joint, and that the plaintiff should have united in the action, or in some way account for not so doing, the other two obligors. The test running through all of the authorities seemed to be whether the services rendered were for the joint benefit of all; they all stood upon an equality; the action was not for the benefit of one of them, but of all of them; it was inseparable. The determination of the actions which plaintiff was employed to prosecute would be for or against them all jointly, and not severally.

We come to this conclusion very reluctantly; we see no escape from this dilemma. Our statute is only an affirmation of the common law rule prevailing as to the necessity of making all obligees jointly interested parties. In the case of *Harker v. Burbank*, 68 Neb. 85, Judge Barnes, in. writing the opinion, states: "It is thoroughly settled at the common law that joint obligees must sue jointly in actions *ex contractu*, and if it appears on the face of the pleadings in such cases that there are other parties to the contract who ought to be joined as plaintiffs, but are not, it is fatal to the action, and the defendant may raise the objection by demurrer or by motion in arrest of judgment, or he may urge it as a ground of reversal on error."

The common law rule of the necessity of making all those jointly liable parties has been modified in some states by statute, more especially in the state of Iowa. The legislature of Iowa must have conceived that in modern conditions, relations, and necessities, as they exist, the com-

mon-law rule was not a just rule to be followed.  The action of the Iowa legislature has been followed by other states, and it can be for no other purpose than as expressed above.  The judgment in the instant case undoubtedly may, and undoubtedly does, work a hardship on plaintiff.  But the common-law rule and the statute are perfectly plain as to the necessity of making all the joint obligors parties.

We see no necessity of entering into any further discussion.  As the answer denied that the plaintiff had made all the necessary parties defendants, the case was tried on that as one of the issues.  The defendants have insisted at the trial and in their briefs that it was a fatal defect for which plaintiff would not be entitled to recover against these defendants.

We therefore recommend that the judgment of the lower court be reversed and the cause remanded for further proceedings.

PER CURIAM.  For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.