Barkley v. Schaaf.

WILLIAM E. BARKLEY, RECEIVER, APPELLEE, v. FRANK E. SCHAAF ET AL., APPELLANTS.

FILED APRIL 21, 1923. No. 22354.

**Appeal:** PARTIES. All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Appeal dismissed.*

*Sterling F. Mutz,* for appellants.

*Good & Good, Boehmer & Boehmer* and *F. C. Foster,* contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD J.J., BEGLEY, District Judge.

GOOD, J.

Plaintiff and appellee, as receiver of the Nebraska Hotel Company and of the Nebraska Building & Investment Company, brought this action against Frank E. Schaaf and his wife, Gertrude A., the National Bank of Commerce and others, claiming, in effect, that a fund of $6,000 in the said National Bank of Commerce, and which was represented by a certificate of deposit and a cashier's check, issued by said bank and payable to Gertrude A. Schaaf, was the property of the Nebraska Hotel Company, and claiming that the defendants Schaaf and wife were seeking to wrongfully withdraw said fund from the bank and appropriate it to their own use. The defendants Schaaf and wife answered with a general denial,

except that it was admitted that they were husband and wife, and later they filed an amended answer, in which they set up a judgment in another action which they claimed was an adjudication of the issues in this case. The plaintiff filed a reply which partakes of the nature of a supplemental petition, and in which it was admitted that a judgment had been obtained in favor of the Nebraska Hotel Company in another action against Schaaf, and asking that the money, represented by the certificate of deposit and cashier's check, be applied in part payment of that judgment. The record does not disclose the contents of the answers filed by the defendant National Bank of Commerce and the other defendants, but the decree of the district court shows that answers were filed by the said bank and other defendants.

Upon a trial of the case the court found that neither Schaaf nor his wife had any interest in the fund, and that the $6,000, or the check and certificate of deposit representing the same, was the property of the Nebraska Hotel Company; and ordered the receiver to indorse the check and certificate of deposit, turn them over to the defendant National Bank of Commerce, and ordered the bank to pay the amount represented thereby into court, and directed the fund, when paid into court, to be applied as a partial payment on the judgment in the other action, which was referred to in the amended answer and reply. The defendants Frank E. Schaaf and wife alone have appealed, but they bring no other parties to the action into court on this appeal save the appellee, William E. Barkley, as receiver.

It is apparent from an examination of the record that the defendant National Bank of Commerce is vitally interested in this appeal, and that it has not been made a party thereto. The rule seems to be well established that all parties to a cause in the trial of a case in the district court who may be affected by the modification or reversal of the judgment must be made parties to the proceedings

to review the said cause. *Richardson v. Thompson*, 59 Neb. 299, and cases there cited.

As the record discloses that at least one of the parties who might be injuriously affected by a reversal of the decree of the district court has not been made a party to this appeal, this court will not look into the merits of the decision, but the appeal will be dismissed because all of the parties who are necessary to a proper determination of the case are not before the court.

APPEAL DISMISSED.