THOMAS REILLY, APPELLEE, V. GEORGE H. MERTEN, APPELLANT.

FILED NOVEMBER 24, 1933. No. 28595.

*William McDonnell* and *George H. Merten,* for appellant.

*Anson H. Bigelow, contra.*

Heard before GOSS, C. J., ROSE, GOOD and PAINE, JJ., and SHEPHERD, District Judge.

ROSE, J.

This is a suit in equity in which George H. Merten and Ross L. Shotwell were called to account for fraud and resulting loss of trust funds in their settlement of the estate of Thomas Dean, deceased, testator, under their appointment by the county court as administrators with the will annexed. Other equitable relief sought was the setting aside of an order in which the county court approved the final report of the administrators, discharged them and released the surety on their bond. The suit in equity was begun and tried in the district court for Douglas county. There was a decree in favor of plaintiff and against defendant Merten and others who participated in the fraud. Merten, alone, appealed.

Thomas Dean, testator, willed his property to the United States Trust Company of Omaha in trust for his three sisters and one brother. The trustee was directed to pay the income from the estate of testator to his sister, Maria Lund, a widow, during her life, and at her death to divide the residue, when reduced to cash, among two other sisters and a brother. Thomas Larkin and Emma Larkin were nominated in the will as executors. The trustee named in the will and the Larkins declined to serve. The will was probated May 10, 1923. Merten and Shotwell were appointed executors with the will annexed and executed their bond with the Southern Surety Company as surety. Merten was also appointed trustee to execute the trust created by the will instead of the United States Trust Company. The final report of the administrators was approved by the county court September 25, 1924, and they and their surety were then discharged.

An item for which the administrators did not account was the proceeds of a 12,000-dollar note payable to testator and secured by a mortgage on a tract of land. Upon a trial of the issues raised by the pleadings in equity the district

court set aside the county court's order approving the final account of the administrators, ordered Merten to account for $8,315.15, as property lost to the estate by his fraud, and entered judgment against him and his surety therefor. In some respects the judgment extended to other defendants who participated in the fraud. Shotwell was exonerated and dismissed from the proceeding.

Merten, alone, is appellant. The only other party to the appeal is Thomas Reilly, plaintiff, who sued as an heir entitled to a share of testator's estate.

The bill of exceptions does not contain the evidence of fraud on which the judgment of the district court is based. In the appellate court Merten relies for a reversal on the defenses that plaintiff was without legal capacity to maintain the suit in equity and that the county court alone had jurisdiction of the subject-matter of the litigation. The trial court ruled against him on both propositions. These questions are not reviewable herein for the reason there is a fatal defect of parties to the appeal. Merten, alone, is appellant and Thomas Reilly, only, is appellee. The other parties whose rights and liabilities were adjudicated are not parties to the appeal. Shotwell, a joint obligor on the bond of the administrators, is neither an appellant nor an appellee. He did not appear in the appellate court. He would be adversely affected if the relief sought by Merten were granted. The following principle controls:

"All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf*, 110 Neb. 223.

The appeal cannot be entertained.

Fifteen pages of the brief of plaintiff contain matter not in the record and, pursuant to supreme court rule 16, costs therefor will not be taxed in his favor.

APPEAL DISMISSED.