CITIZENS STATE BANK, APPELLEE, V. ARAPAHOE FLOUR MILLS: GEORGE W. SHAFER, APPELLANT.

FILED FEBRUARY 8, 1934. No. 28805.

Stevens & Stevens, for appellant.

Butler & James and George C. Proud, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY, District Judge.

DAY, J.

This is an action to recover on a promissory note brought by the Citizens State Bank of Arapahoe against the Arapahoe Flour Mills, a corporation, and George W.

Shafer. At the close of all the testimony, the trial court sustained a motion to discharge the jury and enter judgment in favor of plaintiff against Arapahoe Flour Mills and Shafer. Only Shafer appeals.

The action is founded upon a promissory note, signed "Arapahoe Flour Mills, by G. W. Shafer, Pres., Clyde S. Paine, Sec., and G. W. Shafer." The defendant answered that he thought he was signing only in the representative capacity as president; that he signed it without consideration; and that his signature was procured by fraud.

The note itself refutes beyond doubt that Shafer signed the note only in a representative capacity. The contention of defendant's business incompetence is not persuasive. He had regular and frequent legal advice from a reputable and able lawyer. The mill owed him money, and he was shrewd enough to get a mortgage on its property. He had never been adjudged incompetent. Unfortunately for him, as for many others, business transactions resulted disastrously.

It appears that the note herein was a renewal of an obligation of the mill, upon which Shafer was not liable. But since this obligation had been created, Shafer had secured a mortgage on the mill property. The bank had extended credit at a time when this property was clear. Shafer as president informed the bank that the mill could not pay the note when due and asked for an extension. Shafer was a large stockholder in the mill. A ninety-day extension was granted by the bank and this note executed upon the agreement that Shafer would sign personally, which he did. There is no issue of fact upon this phase of the case. The defendant himself corroborates the testimony of the managing officer of the bank but states that he thought he was signing another note upon which he was already personally liable.

Shafer was a stockholder and president of the mill. As such, he was financially interested in the mill. He desired an extension of time on the mill's debt. Extension of time on the obligation of a corporation is a sufficient con-

sideration for the indorsement as surety of one who is president and large stockholder. *Fulton v. Loughlin*, 118 Ind. 286; 8 C. J. 220. For analogous cases, see *Vybiral v. Maly*, 123 Neb. 436; *Bliss v. Venner*, 121 Neb. 44.

The evidence relating to the allegation of fraud is insufficient to submit to the jury.

The judgment of the trial court is correct.

AFFIRMED.