CLARENCE G. BLISS, RECEIVER OF FARMERS STATE BANK OF POLK, APPELLANT, V. FARMERS GRAIN & STOCK COMPANY: FRANK A. ADELSON ET AL., APPELLEES.

FILED MAY 22, 1934. No. 28910.

W. T. *Thompson* and E. R. *Mockett*, for appellant.

H. G. *Wellensiek* and *Mills & Mills*, contra.

F. C. *Radke*, *Barlow Nye* and W. A. *Crossland*, amici curiæ.

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Messmore, District Judge.

Day, J.

This is an action to recover a balance due on three promissory notes which were the obligation of the Farmers Grain & Stock Company, a corporation, and indorsed by Frank A. Adelson, A. C. Jones, Charles W. Flick, and Adam Deuker. The plaintiff was the assignee of the notes after the failure of the bank, and the defense to the notes was that the defendants were accommodation indorsers, and, even if they were not, they were entitled to a set-off in the amount of their deposits in the insolvent state ·bank. The trial court found that the individual defendants were ordinary indorsers and liable personally as such and entered a judgment against the Farmers Grain & Stock Company but found that Adelson, Jones, and Deuker were entitled to a set-off in the amount of their deposits.

The Farmers State Bank of Polk was adjudicated insolvent in May, 1929. In October the receiver filed an action on the notes against the defendants to recover thereon the balance due, approximately $2,500. Before the issues were made up, the receiver sold the notes, constituting the cause of action, to Josephine S. Warren, who made an application and secured an order from the trial court to be substituted for the receiver and to prosecute the action in the name of the receiver. An amended petition was filed to which the Farmers Grain & Stock Company made no answer. The defendants Adelson, Jones,

and Deuker admitted the making and delivery of the notes. The other indorser, Flick, was deceased. The defendants alleged as a defense that they were accommodation indorsers and that they signed merely as officers and directors of the Farmers Grain & Stock Company to authorize the loan by the bank.

The defendants also filed a cross-petition in which they allege that the Farmers Grain & Stock Company, Flick's estate, and Farmers State Bank of Polk and the depositors' guaranty fund were insolvent; that the receiver of the bank had sold all the assets or converted them into cash and paid a dividend of 25 per cent. on the claims of the depositors; that there was a small amount of money in the hands of the receiver, and the liabilities of stock-holders of the bank were paid, but not more than 40 per cent. would be paid to depositors on their claims, and that the depositors' guaranty fund law had been repealed. The defendants further alleged that each of them were depositors in the bank when it was adjudged insolvent. The deposits were: Deuker $18.91; Jones $112.49, and Adelson $10,370.49, and on which each of the defendants were allowed 25 per cent. dividend, and that Adelson had been paid $2,592.62, leaving him a balance due of $7,777.87 from the bank, and that Jones and Deuker had been allowed but not paid their 25 per cent. dividends. It was further alleged that Adelson filed a general claim with the receiver on which he had been allowed a general creditor's claim in the sum of $5,152.50. The defendants alleged that they were entitled to have the balance on their claims as alleged set off as to any amount found due from the defendants on the note of the plaintiff and to have said notes canceled and discharged.

The plaintiff admitted in her answer to defendants' cross-petition the allowance of the claims of defendants Jones, Deuker, and Adelson, as depositors; that the defendants had filed claims for the entire amount of their deposits, and that Adelson had been paid the dividend on his. As further answer to defendants' cross-petition,

plaintiff alleged that the defendants did not at the time of filing their claims for deposits with the receiver, or any time thereafter, ask to have their claims set off against what they owed the bank on the notes, but that they filed their claims and secured the allowance of the same for the full amount, and that Adelson received in dividend $2,592.62 and did not at any time return or offer to return any part thereof; that neither Jones nor Deuker had ever renounced his right to or ownership of the dividend allowed them, but that each of the defendants had elected to accept dividends on his claim in full and in lieu of any right he might have to a set-off, all of which was done prior to the purchase of the notes by Warren; that the defendant Adelson in his petition of intervention, seeking to have his claim allowed as a bank deposit, alleged his right to set off the amount due him on his deposits from the bank against the amount he owed the bank on the notes in suit, and asked to be subrogated to the rights of the receiver of the bank against his co-obligors, but when the case came for trial he withdrew his claim for set-off. The plaintiff, in answer to defendants' cross-petition, alleged that by reason of the conduct of defendants each waived his right of set-off and became estopped from now claiming any right of set-off.

The plaintiff appealed from the judgment of the trial court that Adelson, Jones and Deuker did not become estopped to claim the right of set-off by filing a claim and receiving dividends as depositors. The defendants Adelson, Jones and Deuker have perfected a cross-appeal to the finding of the trial court that they signed the notes sued upon as indorsers and that they were liable as such indorsers. The cross-appellants further assign as error the entry by the trial court of a judgment in favor of the plaintiff against the Farmers Grain & Stock Company. The Farmers Grain & Stock Company was a defendant in the lower court, defaulted, and has not appealed to this court. The questions therefore presented for our determination are: (1) Were the defendants liable as in-

dorsers upon the notes? and (2) were the defendants entitled to a set-off, or were they estopped to make such a claim because they failed to have their right to set-off adjudicated or determined upon their petitions of intervention for the allowance of depositors' claims in the receivership?

Two of the notes involved in this controversy were executed by the Farmers Grain & Stock Company of Polk, Nebraska, and the other by Charles W. Flick. On the back of each of the notes appeared the names of the appellees. The indebtedness was that of the Farmers Grain & Stock Company. The appellees were officers and directors of the Farmers Grain & Stock Company. These notes were indorsed by the appellees for the purpose of raising money to carry on the business of the Farmers Grain & Stock Company. The appellees were interested in extending the credit of the company. An extension of the credit was a good consideration for signing the notes. Extension of credit to a corporation is sufficient consideration for indorsement of corporation's note by an officer. *Citizens State Bank v. Arapahoe Flour Mills,* 126 Neb. 58. The evidence in this case is conclusive that the appellees were ordinary indorsers and liable upon the notes. The evidence does not bring the case within the rule of *Luikart v. Meierjurgen,* 124 Neb. 816.

The next question to engage our attention in this discussion is the right of the appellees in this case to a set-off of the amount of the notes sued upon here against the amount due them from the bank. Two of the appellees had small deposits, but Frank A. Adelson, in addition to a deposit which was allowed as a preferred claim in the sum of $10,370.49, was also allowed a general claim against the bank in the sum of $5,152.50. The argument before the court and in the briefs was largely directed to the proposition that, since the appellees had filed their claims as depositors against the insolvent state bank, they were now precluded from urging a set-off for that their claim had been allowed as a deposit and a dividend paid

thereon. It was argued that this would be an illegal or at least an unfair preference between depositors. It is urged that appellees' failure to urge their set-off at the time they filed their claims against the bank amounted to a selection of remedies, and that they cannot, when suit is brought upon the note, thereafter urge a set-off. It seems so unnecessary to enter into a discussion of the intricate complications arising from such a condition, because at the time of the insolvency of the bank, when the appellees were obligated by reason of their indorsement on the note in suit, the bank was indebted to one of the appellees in a sum almost twice the amount of the note. This indebtedness of the bank to the appellee Adelson was allowed as a general claim amounting to $5,152.-50. No right of depositors or of any third person intervenes as to this indebtedness. No dividend has ever been paid upon this claim, and there is no waiver or estoppel with reference to it. Since it was for more than the amount of the note, the judgment of the trial court allowing the appellees a set-off is unimpeachable. It has recently been held by this court that a set-off implies demands between same persons in same capacity at the same time. *Bank of Crab Orchard v. Myers,* 120 Neb. 84. At the time of the insolvency of the bank, the appellees owed the bank and the bank owed the appellees. The plaintiff, who purchased the note after maturity, was in the position of the bank as to the set-off.

The appellees have filed a cross-appeal in which they complain that the trial court erred in allowing a set-off sufficient to cancel the note upon which the appellees were liable as indorsers and at the same time entered a judgment against the Farmers Grain & Stock Company, a corporation, the maker of the note. The record reveals that, at the time of the trial, the Farmers Grain & Stock Company was in default and made no appearance, and therefore the judgment against it was a default judgment. It is their contention that, where a note has been paid by one who is only secondarily liable as an indorser

he will be subrogated to all the rights and remedies which were available to the holder or owner of the instrument to obtain payment from parties primarily liable on the instrument. The Farmers Grain & Stock Company is not a party to this appeal. "All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf,* 110 Neb. 223; *Reilly v. Merten,* 125 Neb. 558. The appellees are therefore not entitled to a reversal of the judgment against the Farmers Grain & Stock Company under any circumstances.

AFFIRMED.