PROKOP CASTEK, APPELLANT, V. JOSEPH TULLY ET AL., APPELLEES.

FILED SEPTEMBER 21, 1934. No. 28980.

George W. Wertz and L. F. Otradovsky, for appellant.

W. I. Allen, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

THOMSEN, District Judge.

In a foreclosure of a mortgage on farm lands, the court appointed Frank W. Shonka, Jr., receiver to manage, rent, and take charge of the lands, except 40 acres on which the house and buildings are located. This latter land was assigned to the exclusive use of the mortgagor. By order of the court the receiver rented the property, of which he had charge, to the defendant Joseph Tully, the mortgagor, and later, without such order, made a lease for a definite term to Anton Mastny, Jr. Later, after the moratorium act, section 20-21,159 et seq., Comp. St. Supp. 1933, became a law, an application made by the defendants pro-

duced an order extending the time of the defendants' occupancy of all the land, under the conditions provided in such law, to March 1, 1935. The receiver made a report of his acts and doings and was discharged, and the lease made by the receiver to Mastny was canceled. In the meantime Mastny refused to abide by an interim order, was made a party to the action, entered a special appearance which was overruled, answered to the merits of the assignments against him, and ultimately by the final decree was barred of all rights under the lease. The appeal raises the validity of the order canceling Mastny's lease. It also brings up the question of the constitutionality of the moratorium act.

Though neither the receiver nor Mastny is appealing, their rights may seriously be affected by a reversal. Both the validity of the lease made by the receiver without order of the court and a determination of the validity of the order canceling the lease must necessarily be involved in a decision. A decision unfavorable to the constitutionality of the moratorium act might incidentally restore the lease and Mastny's obligations thereunder. In so far as the receiver is concerned, at least his right to compensation, or the amount thereof, and allowance of expenses, might be altered by a change in the decree. A receiver is entitled to be heard as to whether a decree affecting his rights should be changed. *Illinois Trust & Savings Bank v. Kilbourne,* 76 Fed. 883; *Haigh v. Carroll,* 197 Ill. 193; *Polk v. Johnson,* 167 Ind. 548. Neither of these persons is made a party to the appeal. "All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf,* 110 Neb. 223; *Reilly v. Merten,* 125 Neb. 558; *Bliss v. Farmers Grain & Stock Co., ante,* p. 147. See, also, under former error proceedings, *Willits v. Harlan County,* 2 Neb. (Unof.) 865; *Hendrickson v. Sullivan,* 28 Neb. 790; *Richardson v. Thompson,* 59 Neb. 299; *Collins Mfg. Co. v. Seeds Dry Plate Co.,* 55 Neb. 576.

The failure to have all the affected parties before this court is alone sufficient to prevent a determination of the issues raised by appeal.

APPEAL DISMISSED.