LOUISE B. DONISTHORPE, GUARDIAN, ET AL., APPELLEES, V. FRANK VAVRA, JR.: TENA VAVRA, APPELLANT.

278 N. W. 151

FILED FEBRUARY 25, 1938. No. 30231.

*Waring & Waring*, for appellant.

*Guy A. Hamilton, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is a suit in equity to foreclose a real estate mortgage, commenced in the district court for Fillmore county by Louise B. Donisthorpe, the duly appointed, qualified, and acting guardian of Elizabeth H. Donisthorpe, incompetent, and John Wittmack, plaintiffs, against Frank Vavra, Jr., Tena Vavra, his wife, La Vera Vavra and Charles B. Hroch, administrator of the estate of Frances Vavra, deceased, defendants.

To the petition of plaintiffs, the defendants Frank Vavra, Jr., and Tena Vavra, his wife, filed their joint motion to make more definite and certain. This motion was thereafter denied.

This was followed by a joint demurrer presented in behalf of Frank Vavra, Jr., and Tena Vavra, his wife, which, in turn, was overruled.

Thereupon, on leave obtained, said Frank Vavra and his wife filed a joint answer.

Thereafter a hearing on the merits was had, and a judgment for foreclosure and sale, as prayed, in favor of plain-

tiffs and against the defendants, was entered by the trial court. A motion for a new trial was filed by Tena Vavra alone, which was overruled on the 12th day of May, 1937.

On May 17, 1937, there was filed by Frank Vavra, Jr., defendant, and subscribed by him alone, a written request for a nine months' stay.

On July 8, 1937, the defendant Tena Vavra filed in this court a transcript on appeal, accompanied by a præcipe on appeal which concludes, as follows: "In the court below the above-named Louise B. Donisthorpe, guardian of Elizabeth H. Donisthorpe, incompetent, and John Wittmack were plaintiffs and are appellees in this court. In the court below the above-named Tena Vavra, his wife, was defendant and is the appellant in this court."

The cause was docketed on appeal in strict obedience to the terms of the præcipe, and the name of Frank Vavra, Jr., as neither plaintiff nor defendant is thus docketed.

Appellant, as sole appellant, filed her brief on August 6, 1937, and the name of Frank Vavra, Jr., does not appear in the title thereof, and neither is the service of such brief upon him in any manner disclosed by the record.

On November 6, 1937, appellees filed in this court their motion to dismiss. We find it necessary to consider but one of the grounds relied upon, viz.: "That all the parties interested in the judgment sought to be reversed, as shown by the record, have not been brought before the court."

It is quite apparent that Frank Vavra, Jr., has an interest in the decree appealed from, and is a necessary party to this appeal. The rule appears to be: "Generally speaking, all the parties to the cause below, including interveners, should be parties in proceedings upon appeal." 2 Standard Encyclopedia of Procedure, 215.

Sections 20-317 and 20-318, Comp. St. 1929, are applicable to appellate proceedings, and are as follows:

Section 20-317: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete

determination or settlement of the question involved therein."

Section 20-318: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in petition."

We have long been committed to the doctrine: "All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf*, 110 Neb. 223, 193 N. W. 267. See, also, *Wolf v. Murphy*, 21 Neb. 472, 32 N. W. 303; *Curten v. Atkinson*, 29 Neb. 612, 46 N. W. 91; *Hendrickson v. Sullivan*, 28 Neb. 790, 44 N. W. 1135; *Collins Mfg. Co. v. Seeds Dry Plate Co.*, 55 Neb. 576, 75 N. W. 1099; *Dickens v. Dickens*, 174 Ala. 305, 56 So. 806; *Hook v. Mercantile Trust Co.*, 95 Fed. 41, 36 C. C. A. 645; *Fagan v. Hook*, 134 Ia. 381, 390, 105 N. W. 155, 111 N. W. 981; *Wolfenbarger v. Britt*, 105 Neb. 773, 181 N. W. 932; *Reilly v. Merten*, 125 Neb. 558, 251 N. W. 114; *Bliss v. Farmers Grain & Stock Co.*, 127 Neb. 147, 254 N. W. 725.

It follows that as Frank Vavra, Jr., is a necessary party to the appeal, the motion to dismiss must be sustained.

MOTION TO DISMISS SUSTAINED.