KANSAS CITY LIFE INSURANCE COMPANY, APPELLEE, V. CHARLES NEVERVE ET AL: GROTSIE NEVERVE, APPELLANT.

283 N. W. 378

FILED JANUARY 13, 1939. No. 30465.

*Charles M. Bosley*, for appellant.

*E. H. Evans, Urban Simon* and *Francis V. Robinson*, contra.

Heard before ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is an appeal from an order confirming a sale of certain premises made pursuant to a mortgage foreclosure, which order was entered on March 21, 1938. Two questions are presented, viz.: (1). A motion filed by appellee, and noticed for hearing on December 5, 1938, for a dismissal

of the appeal for lack of necessary parties in this court; and (2) the alleged error of the trial court in overruling defendant Grotsie Neverve's motion to vacate the public sale had because of insufficiency of purchase price.

The decree of foreclosure was entered on March 23, 1936, adjudging the lien of the Kansas City Life Insurance Company, a corporation, which lien included taxes assessed against the premises paid by it as mortgagee for the years 1929 to 1932, both inclusive, to be a first and senior lien; that the mechanic's lien pleaded by the Cowles-White Lumber Company was a second lien on the mortgaged premises, but further determined that such lumber company lien "was concurrent" with mechanics' liens foreclosed on parts of said premises in favor of Oscar Jenkins and also Smiley Dawson. Personal service of summons appears to have been made upon the defendants Charles Neverve and Grotsie Neverve in the district court, and the foregoing decree finds that they, together with their wives, jointly executed and delivered certain of the notes and real estate mortgages securing the same, in suit in this proceeding, and each of the defendants last named were, by the express terms of the decree, "given exceptions" thereto.

On November 13, 1937, an order of sale was issued on the decree of foreclosure to satisfy the same in favor of Kansas City Life Insurance Company, Cowles-White Lumber Company, a corporation, Oscar Jenkins, and Smiley Dawson. The public sale was had on the 20th day of December, 1937, and the mortgaged premises sold to the Cowles-White Lumber Company, defendant and cross-petitioner, for the sum of $14,400. The amount due on the decree at the time of sale was $17,063.52 and $214.31 costs of suit. The defendant Grotsie Neverve alone filed objections to this sale, and he alone introduced evidence to support the objections thus tendered. At the close of this proceeding, the court confirmed the sale. The decree of confirmation in terms recites: "To all of which said findings in order defendant (Grotsie Neverve) excepts. and gives notice of intention to appeal in open court." The only

statutory provision for notice of appeal to be given in the district court is the following: "It shall be sufficient notice of such appeal to file in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within ninety days after the rendition thereof, a notice of intention to prosecute such appeal signed by the appellant or appellants or his or their attorney of record, but if such notice is not given, the supreme court may provide by rule for notice after the appeal is lodged in that court." Comp. St. 1929, sec. 20-1914. The transcript on appeal, which contains no such "notice of intention" whatever as contemplated by such statute, was filed in this court on June 16, 1938. On the same day the appellant filed his præcipe in this court, which states, in part, "that Grotsie Neverve is the only party appealing, and that the Kansas City Life Insurance Company, a corporation, is the appellee herein." Accordingly, the appellant on the 16th day of June, 1938, also caused a "notice of appeal" to issue from this court, directed to, and to be served upon, the Kansas City Life Insurance Company only, as sole appellee. The record contains a bill of exceptions purporting to contain all the evidence offered and given by each of the parties, etc. The record further discloses that the proposed bill of exceptions, previous to its allowance and settlement by the trial judge, had been served upon the attorney for the Kansas City Life Insurance Company only. It is obvious that this bill is not binding upon any one save the party served, and upon proper motion filed by parties to the cause not served will be suppressed. *Fitzgerald v. Brandt,* 36 Neb. 683, 54 N. W. 992. The record also discloses that appellant's brief in this court was served upon the Kansas City Life Insurance Company only. The effect of the appellate proceeding, if successful, will be to set aside and annul the sale had in which all parties to the proceeding have a direct financial interest and will be substantially affected by the disposition of the case made in this court. On December 1, 1938, and before this cause was reached in this court for submission on the merits,

the Kansas City Life Insurance Company filed its motion to dismiss the appeal because of lack of necessary parties, it appearing from the transcript that Cowles-White Lumber Company, although a defendant and cross-petitioner in the proceedings in the district court and a purchaser of the premises at the judicial sale, the confirmation of which was appealed from, had not been, by appellant, made a party on appeal. This motion to dismiss had been duly noticed for hearing on December 5, 1938, at the hour of 9 o'clock a. m., at the then sitting of the court, and for convenience of counsel, and of this court, was argued and submitted December 8, 1938, on the same day the case was argued on the merits.

We are committed to the view that the purchaser at a judicial sale, by reason of his purchase alone, becomes a party to the proceedings on appeal, and is entitled to enforce the rights secured by his purchase. *State v. Denton State Bank,* 126 Neb. 486, 253 N. W. 670; *Penn Mutual Life Ins. Co. v. Creighton Theatre Bldg. Co.,* 51 Neb. 659, 71 N. W. 279; *Dawson County v. Whaley,* 134 Neb. 509, 279 N. W. 164.

We have long been committed to this rule, viz.: "All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf,* 110 Neb. 223, 193 N. W. 267. See, also, *Donisthorpe v. Vavra,* 134 Neb. 157, 278 N. W. 151; *Bliss v. Farmers Grain & Stock Co.,* 127 Neb. 147, 254 N. W. 725; *Castek v. Tully,* 127 Neb. 657, 256 N. W. 506; *Reilly v. Merten,* 125 Neb. 558, 251 N. W. 114.

This is not a mere technical rule. An eminent text-writer has well said, viz.: "The rule requiring parties having an interest that may be materially affected by the judgment to be brought before the appellate tribunal is in no sense a technical one; on the contrary, it is a rule of great importance and is required in order to secure a litigant 'his day in court.' It is, when justly understood, a salutary

rule, and one required by the constitutional principle that the rights of a party cannot be adjudicated without notice. The right of a party to notice is, indeed, fundamental, for without notice it cannot be truly said that there is due process of law." Elliott, Appellate Procedure, sec. 143.

In *Castek v. Tully,* 127 Neb. 657, 256 N. W. 506, this court announced the rule, viz.: "The failure to have all the affected parties before the appellate court may alone be sufficient to prevent a determination of the issues raised by appeal." And, likewise, this rule, in effect, was applied by this court, on its own motion, in *Reilly v. Merten,* 125 Neb. 558, 251 N. W. 114.

The facts hereinbefore recited, suggesting the manifest inability of this court to administer any relief without substantially affecting the rights of necessary parties not now before it, would apparently impose on this tribunal the duty of applying the principle announced in the cases last above cited. In view of the motion presented by appellee, the adoption of this course may not be necessary and we may not be required to decide the question suggested.

The appellant contends that the lack of necessary parties has been waived by appellee in not seasonably objecting thereto. This doctrine of waiver must be considered in the light of the obvious fact that, in legal proceedings, one party cannot by consent, actual or implied, confer jurisdiction over some other person. A person by waiver may of course confer authority over himself and his own rights, but he cannot confer authority over another person or his rights.

The appellant cites but two cases to sustain his contention, viz.: *Olsen v. Marquis,* 88 Neb. 610, 130 N. W. 267, and *Bates-Smith Investment Co. v. Scott,* 56 Neb. 475, 76 N. W. 1063.

From the *Olsen* case we quote: "There is nothing in the transcript to advise us whether W. P. Marquis answered in the district court; notice of appeal was not served upon him, and he has not appeared in this court. The plaintiff argues that there is a defect of parties and that we should

not consider the case upon its merits. The objection is not otherwise presented than by an argument in the brief, and was not brought to our attention until John A. Marquis had submitted the case upon the merits. Upon the authority of *Bates-Smith Investment Co. v. Scott,* 56 Neb. 475, the objection will be held to have been presented too late for consideration." And, in the first paragraph of the syllabus in the *Olsen* case, we find the following: "A non-joinder of parties in an appeal to this court will be waived by not objecting until the case is submitted upon the merits."

In the *Bates-Smith Investment Company* case we quote from the opinion, where, after discussing the rule as to the presence of all necessary parties on appeal, the opinion states: "But it has also been held that such defect is waived if the objection is not made before the submission of the cause on its merits. In the case at bar no motion has been made for the dismissal of the proceedings on the ground of defect of parties. The first mention of it appears in the brief for defendant in error on the merits, and is too late to be of any avail. The defect of parties, if any, must be treated as waived." The rule is announced in the first paragraphs of the syllabus of this *Bates-Smith* case, in the following form: "All parties to a joint judgment must be joined in error proceedings therefrom, and a nonjoinder is a fatal defect in the proceedings; but if the objection is delayed until the final submission of the cause on its merits, the defect is waived."

In *Consaul v. Sheldon,* 35 Neb. 247, 52 N. W. 1104, not cited by appellant, the rule of "waiver" is stated as follows: "Where the cause is submitted to this court on its merits, and no objection is interposed that there is a defect of parties until after such submission, it will be taken to constitute a waiver of the absence of proper parties."

On the other hand, in *Farney v. Hamilton County,* 54 Neb. 797, 75 N. W. 44, Norval, J., says: "It is also insisted that the county has waived its right to object to a hearing on the merits by accepting service of the briefs of the

opposing party without then raising the point that there was a defect of parties. The doctrine has been more than once asserted that the submission of a cause on the merits in the appellate court, without objection that all the parties to a joint judgment had not been brought in by the petition in error, is a waiver of such defect. *Consaul v. Sheldon,* 35 Neb. 247; *Curtin v. Atkinson,* 36 Neb. 110. But in no case has this court held that the acceptance of service of briefs is a waiver of a defect of parties. It certainly could not have that effect. A defendant to a petition in error has the right to insist, on his first appearance in the appellate court, *before the final submission is there taken on the merits of the cause,* that all parties interested in either sustaining or reversing the judgment brought up for review must be made parties to the error proceeding, either as plaintiff or defendants." (Italics supplied.)

In the instant case the motion to dismiss was filed on December 1, 1938, and under rules of the court it was for presentation before the submission of the cause on the merits. The fact that, for the convenience of the court, the submission of both the motion and the cause on the merits were taken at the same sitting may not impair the rights of the litigants, it plainly appearing that the question of the absence of necessary parties was raised by the appellee prior to the final submission of the cause on the merits.

It follows that the motion to dismiss must be sustained. This necessarily prevents the consideration of the appeal on the merits.

APPEAL DISMISSED.