IN RE ESTATE OF JOHN WESLEY FINES, SR.
LAURA CHENEY, APPELLANT, V. CARL FINES ET AL., APPELLEES.

297 N. W. 86

FILED MARCH 21, 1941. No. 31080.

*Minor & Minor,* for appellant.

*H. G. Wellensiek, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ., and CHAPPELL, District Judge.

YEAGER, J.

This case comes to this court on appeal from the district court for Buffalo county, Nebraska. It has been presented on a motion to dismiss the appeal.

The details necessary to a determination of the motion are the following:

John Wesley Fines, Sr., died testate on March 1, 1939, and Carl Fines and John W. Fines, Jr., his sons, duly qualified as executors under the will. These executors were also trustees for Lillian M. Bentley, a daughter of the deceased, under the will of Zerlda Fines, deceased. Zerlda Fines was the deceased wife of John Wesley Fines, Sr. As executors, Carl Fines and John W. Fines, Jr., filed an inventory in the estate of John Wesley Fines, Sr.

Thereafter, Laura Cheney filed an application in the probate proceeding to require the executors to file an additional inventory. In the application she charged that there were assets of the estate which had not been included in the inventory.

A hearing was had on the application for additional inventory, and the county court made lengthy findings dealing with numerous claimed transactions and conditions. The court also ordered restoration to the assets of the estate an item of $1,500 for the reason that it was withdrawn without authority, and ordered the executors to file within a reasonable time an additional inventory showing other assets of the estate in addition to those enumerated in the original inventory.

From this order of the county court the executors appealed to the district court wherein, after trial, the judgment of the county court was reversed.

From the judgment of the district court Laura Cheney has brought the case on appeal to this court. In the action in this court Carl Fines and John W. Fines, Jr., as executors of the estate of John Wesley Fines, Sr., are not made parties. As such they are left out entirely. It is sought to make Carl Fines and John W. Fines, Jr., parties to this appeal in their individual and personal capacities, whereas in the county court and in the district court they were not parties in any such capacity. Lillian M. Bentley is not made a party in this court at all, and neither are Carl Fines and John W. Fines, Jr., made parties as trustees for Lillian M. Bentley. Carl Fines and John W. Fines, Jr., as executors of the estate of John Wesley Fines, Sr., and as trustees for

Lillian M. Bentley, and Lillian M. Bentley, were all parties who might be affected by the modification or reversal of the judgment of the district court.

This is clearly violative of section 1, rule 7, Rules of the Supreme Court, which is as follows:

"The party or parties appealing shall file with the transcript a præcipe which shall state the court from which the appeal is taken, the date of the judgment appealed from, the names of all parties and their relations to the case as they appeared in the court below. The præcipe shall also specify the party or parties appealing and designate all others made parties to the appeal as appellees."

It is further violative of an unbroken line of decisions of this court which holds that all parties to a joint judgment, or who may be affected by the modification or reversal thereof, must be made parties in proceeding in error or appeal to the supreme court, and a failure so to do is ground for dismissal, if the objection is seasonably made. *Wolf v. Murphy,* 21 Neb. 472, 32 N. W. 303; *Hendrickson v. Sullivan,* 28 Neb. 790, 44 N. W. 1135; *Curten v. Atkinson,* 29 Neb. 612, 46 N. W. 91; *Consaul v. Sheldon,* 35 Neb. 247, 52 N. W. 1104; *Andres v. Kridler,* 42 Neb. 784, 60 N. W. 1014; *Polk v. Covell,* 43 Neb. 884, 62 N. W. 240; *Richardson v. Thompson,* 59 Neb. 299, 80 N. W. 909; *Barkley v. Schaaf,* 110 Neb. 223, 193 N. W. 267; *Reilly v. Merten,* 125 Neb. 558, 251 N. W. 114; *Castek v. Tully,* 127 Neb. 657, 256 N. W. 506; *Donisthorpe v. Vavra,* 134 Neb. 157, 278 N. W. 151; *Heinisch v. Travelers Mutual Casualty Co.,* 135 Neb. 13, 280 N. W. 234; *Kansas City Life Ins. Co. v. Neverve,* 135 Neb. 630, 283 N. W. 378.

It follows then that the motion of the appellees to dismiss the appeal should be, and is, sustained.

MOTION TO DISMISS APPEAL SUSTAINED.