SCHOOL DISTRICT No. 1, OF RED WILLOW COUNTY,
PLAINTIFF IN ERROR, V. WILLIAM S. WHEELER
ET AL., DEFENDANTS IN ERROR.

**School Districts:** BOUNDARIES: DISCRETION OF COUNTY SU-
PERINTENDENT. No cause of action will accrue to a school dis-
trict as a corporation, against the county superintendent, for the
manner in which he may exercise his discretion in changing the
boundary of such district upon a petition signed by at least one-
third of the legal voters thereof.

ERROR to the district court for Red Willow county.
Tried below before COCHRAN, J.

*G. H. Grubb* and *Rittenhouse & Starr*, for plaintiff in
error.

*R. M. Snavely*, for defendants in error.

REESE, CH. J.

This action was commenced in the district court of Red
Willow county, and is for an injunction to restrain the
county superintendent from apportioning any part of the
state apportionment to district number seventy-two, of said
county, and to restrain the county treasurer from paying
any such apportionment to the officers of said district.

It is alleged in the petition that plaintiff, district number
one of Red Willow county, is duly organized under the
laws of the state, that defendant, William S. Wheeler, is the
duly elected county superintendent, and that the defendant,
William Doyle, is the duly elected county treasurer; that
on or about the tenth day of January, 1886, the said dis-
trict number one contained certain territory which is de-
scribed in the petition; that about the date named, the
county superintendent made an order taking from the said
school district a portion of the territory included within

its boundaries, and also taking from district number seventeen and district number forty-six a portion of the territory included within the boundaries of said districts, and of the territory thus detached he created and established district number seventy-two; that the petition signed by the legal voters of district number one, upon which the county superintendent acted in making the division, was not signed by one-half of the legal voters of said district; that a petition of one-half of the legal voters of district number forty-six was never presented to the county superintendent, nor of one-half of the legal voters of district number seventeen.

2.   It is alleged that the division was made without authority, and that it causes great and irreparable injury to the plaintiff, by depriving it of its share in the semi-annual apportionments, and by causing the school-house in said district number one, of the value of $700, which was constructed near the center, to be now near one side thereof, and that, by the division, plaintiff will be deprived of its revenues and of its ability to maintain schools, to the extent that it could do were the district not divided.

To this petition the defendants demurred, the ground of the demurrer being, in substance, that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining to amend its petition, the cause was dismissed.

The controlling question involved in this case is, can the school district, as a corporation, maintain the action? This was decided in *Cowles v. School District No. 6 of Jefferson County*, at the January term of this court for the current year, and is reported in the 23d Neb., at page 655.

The point was thoroughly examined in the opinion, written in that case by Judge COBB, and we deem it unnecessary, and, in fact, quite imprudent, to undertake to improve upon his discussion of the question.   It must be

deemed sufficient to say that it was there held that all questions concerning the division of the district belong solely to the electors residing within the district, and that the school district, as a corporation, or *quasi* corporation, has been vested with neither power nor duty in the matter, nor has any district officer, board, or school meeting, and therefore the corporation cannot maintain an action of the kind here presented.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.