SCHOOL DISTRICT NO. 67, SHERMAN COUNTY, APPELLANT, v. SCHOOL DISTRICT NO. 24, SHERMAN COUNTY, ET AL., APPELLEES.

FILED SEPTEMBER 23, 1898. No. 8237.

School Districts: BOUNDARIES: ACTION AGAINST COUNTY SUPERINTENDENT. No cause of action will accrue to a school district, as a corporation, against the county superintendent for the manner in which he may change boundaries of such district.

APPEAL from the district court of Sherman county. Heard below before SINCLAIR, J. *Affirmed.*

*Nightingale Bros.*, for appellant.

*J. N. Paul, contra.*

NORVAL, J.

School districts 24 and 67 of Sherman county included within their boundaries twelve sections of land, each district being of the same size, and the former adjoining the latter. On February 23, 1895, a petition signed by two-thirds of the legal voters in said district 24 was presented to the county superintendent of Sherman county, praying the consolidation of district 67 with district 24. At the same time there was likewise presented another petition signed by George Romine alone, a resident of school district 67, praying the attachment or consolidation of all the territory embraced in said district, without designating the district or territory to which it was the purpose to attach the same. On March 15, 1895, the county superintendent made an order consolidating school district 67 with school district 24. This action was instituted by district 67 to prevent the county superintendent, the officers of the last named district, the county clerk, and county treasurer from proceeding to carry said order into execution, and to annul said order. The decree below was for the defendants, and the plaintiff appeals.

An order of the county superintendent as to the formation or change of boundaries of a school district cannot be collaterally assailed where he acted within his jurisdiction. (*State v. Palmer*, 18 Neb. 644.) It is conceded by counsel for plaintiff that this action must fail unless the proceedings before the county superintendent consolidating the two districts were not erroneous merely, but were without jurisdiction and absolutely void; but they argue against the validity of the order of consolidation, and their contention is unanswerable. The petition of school district 67 was fatally defective, because it omitted to

designate the territory or district with which it was proposed to consolidate district 67, and for the further reason that said petition was not signed by two-thirds of the qualified voters of said district as required by section 4, subdivision 1, chapter 79, Compiled Statute 1893, which declares that "two districts may be consolidated into one district upon petitions from each district signed by two-thirds of the legal voters in each district." The petition on behalf of district 67 was signed by one elector only, while the affidavit attached to the petition shows that there were two legal voters in said district at that time.

Whatever may have been the rights of any voter of district 67 in the premises, the facts enumerated created no cause of action in favor of said district as a corporation. That a school district as such cannot question the action of a county superintendent in changing the boundaries of a district is thoroughly established in this state. (*Cowles v. School District*, 23 Neb. 655; *School District v. Wheeler*, 25 Neb. 199; *Hendreschke v. Harvard High School District*, 35 Neb. 400.) It follows that plaintiff cannot maintain this action, and the judgment is

AFFIRMED.