IN RE REDISTRICTING OF SCHOOL DISTRICTS NOS. 11, 26, 33, 37, 28, 106, AND 137, LINCOLN COUNTY, NEBRASKA.
GAYLORD CLAUSEN ET AL., APPELLANTS AND CROSS-APPELLEES, V. SCHOOL DISTRICT NO. 33, LINCOLN COUNTY, NEBRASKA, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH SCHOOL DISTRICT NO. 37, LINCOLN COUNTY, NEBRASKA, APPELLEE AND CROSS-APPELLANT.
IN RE REDISTRICTING OF SCHOOL DISTRICTS NOS. 11, 26, 33, 37, 28, 106, AND 137, LINCOLN COUNTY, NEBRASKA.
ORSON COVILLE, APPELLANT AND CROSS-APPELLEE, V. SCHOOL DISTRICT NO. 37, LINCOLN COUNTY, NEBRASKA, APPELLEE AND CROSS-APPELLANT.

81 N. W. 2d 822

Filed March 15, 1957.    Nos. 34101, 34110.

*Halligan & Mullikin* and *Sam S. Diedrichs*, for appellants.

*Baskins & Baskins*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

A knowledge of the background for the proceedings leading up to the appeal which is before this court is essential to an understanding and determination of the issues involved.

On February 17, 1956, pursuant to the provisions of section 79-402, R. S. Supp., 1955, a petition containing the names of more than 55 percent of the legal voters of school district No. 33 in Lincoln County, Nebraska, was filed with the county superintendent requesting the creation of a new district or a change of boundaries so that this district and school district No. 37 should be bounded as one district. The following named districts, on the dates set opposite the names, filed like but separate petitions: School district No. 137, February 17, 1956; school district No. 11, February 20, 1956; school district No. 26, February 21, 1956; school district No. 106, February 21, 1956; and school district No. 38, February 24, 1956.

On February 25, 1956, six petitions by the school board of school district No. 37, pursuant also to the provisions of section 79-402, R. S. Supp., 1955, were filed with the county superintendent requesting the creation of a new district or a change of boundaries so that school districts Nos. 33, 137, 11, 26, 106, and 38 would be included in school district No. 37. The petitions applied separately and independently to the other six districts.

Following the filing of the six petitions, on February 28, 1956, the county superintendent directed the issuance of notice and set March 14, 1956, at 10 a.m., as the date of hearing.

On March 14, 1956, Orson Coville, also named as Orson Covell, filed objections to the hearing and to consolidation of school districts Nos. 11 and 33 with school district No. 37. In his objections he recites that he is a legal voter in school district No. 11 and that his objections are made on his own behalf and on behalf of other voters similarly situated. His prayer relates to school district No. 11.

On the same date Gaylord Clausen and Frank Mc-Connell filed like objections to the consolidation. These were, according to recital, made by them as qualified voters and electors of school district No. 33.

Also on the same date Lynn McConnell and Melvin Bayne as chairman and secretary of the school board of school district No. 33 filed objections to the consolidation.

On April 16, 1956, the county superintendent entered an order sustaining the various petitions by which the boundaries of school district No. 37 were extended to include the other six districts.

Thereafter on May 15, 1956, the objectors above named in the capacities described filed jointly a petition in the district court for Lincoln County, Nebraska, the object and purpose of which was to have vacated and set aside the order of redistricting and consolidation rendered by the county superintendent. At the same time a praecipe for summons in error as follows was filed: "You are hereby requested to issue Summons in Error in the above entitled cause returnable as provided by law."

A summons was issued to the sheriff commanding service upon the seven school districts. Summons was not issued for any other parties. The summons was served upon Charles W. Baskins, attorney for school district No. 37. As to each of the others, it was served on

the chairman of the board. Service was made on May 15, 1956.

On May 21, 1956, school district No. 37 filed a motion to dismiss the petition in error for the reason that no summons was issued for or served upon the real parties in interest in school districts Nos. 11, 26, 33, 38, 106, and 137, who were the persons who had in these districts filed the petitions for consolidation.

The court found that the real parties in interest insofar as the proceeding in error was concerned were the petitioners in school district No. 11 and in school district No. 33. Accordingly the motion was sustained and the petition in error was dismissed.

From this order as it relates to school district No. 33, Gaylord Clausen, Frank McConnell, Melvin Bayne, and Lynn McConnell have taken an appeal to this court. This appeal is docketed in this court under the number 34101. These named parties are the appellants in this case.

From the same order as it relates to school district No. 11, Orson Coville has taken an appeal. This appeal is docketed under the number 34110. Orson Coville is appellant in this case. The issues in the two appeals are in no wise different. In this light one opinion will be written in disposition of the two appeals. The seven school districts were the defendants in the petition in error in the district court in consequence of which they are appellees here in the two cases. An attempt was made to make school district No. 33 an appellant herein but this was ineffective for reasons which will become apparent later herein. Although all of the districts are nominally appellees the dismissal was based on the conclusion that the petitioners of school districts Nos. 11 and 33 were the real parties in interest. In view of this these two districts and school district No. 37 will be treated hereinafter for the purpose of consideration of the case as appellees.

At this point it should be said that as to school dis-

trict No. 37 the school board was the proper petitioner, it being within the designation of a city or village school district, and accordingly was a proper defendant in error in the district court. Also it was properly served with summons in the proceeding in the district court. The summons was served upon the attorney for the district. As to the petition for creation of new districts from other districts or change in boundaries of such districts, the following appears in section 79-402, R. S. Supp., 1955: "Provided, changes affecting cities, villages, or Class III school districts may be made upon the petition of the school board or board of education of the district or districts affected."

By inference, although not directly, section 25-1904, R. R. S. 1943, indicates that service of summons in an error proceeding may be served on the attorney of record. It provides: "The summons * * * shall, * * * be issued * * * to the sheriff of any county in which the defendant in error or his attorney of record may be; * * *. The defendant in error, or his attorney, may waive in writing the issuing or service of the summons." In any event neither party appears to contend that school district No. 37 was not properly before the district court as a defendant in the error proceeding.

The motion to dismiss was one proper to be made by school district No. 37, a defendant properly served with summons. Hendrickson v. Sullivan, 28 Neb. 790, 44 N. W. 1135, was a case wherein a proceeding in error came to this court to reverse a finding in favor of two joint defendants. Service of summons was had against but one. Motion to dismiss was made by the one served. The motion was sustained.

Under the decisions of this court it becomes clear that in a proceeding in error in a court to review the decisions of an inferior tribunal all necessary parties must be made parties and served with summons, unless as has been pointed out this has been waived. In Hendrickson v. Sullivan, *supra,* it was said: "All the parties in a joint

judgment are necessary parties to proceedings in error brought to reverse such judgment, and must be made so, as either plaintiffs or defendants in error."

In Barkley v. Schaaf, 110 Neb. 223, 193 N. W. 267, it was said: "All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." This statement was quoted with approval in Castek v. Tully, 127 Neb. 657, 256 N. W. 506, and Donisthorpe v. Vavra, 134 Neb. 157, 278 N. W. 151.

These pronouncements were made in proceedings in error from the district court to the Supreme Court but the rule is not different in a proceeding in error from an inferior tribunal to the district court. In the case of In re Estate of Berg, 139 Neb. 99, 296 N. W. 460, it was said: "All parties interested in a matter heard before the county court in the exercise of probate jurisdiction, who may be affected by the modification or reversal of a final order of said court, must be made parties in a proceeding to review said matter by error proceedings in the district court." See, also, Cacek v. Munson, 160 Neb. 187, 69 N. W. 2d 692; § 25-1901, R. R. S. 1943.

In this light it becomes necessary to ascertain who were the necessary parties to the error proceeding in the district court. Reference for this purpose must first be had to the wording of section 79-402, R. S. Supp., 1955, to the extent that it applies to school districts Nos. 11 and 33, as follows: "The county superintendent shall create a new district from other districts, or change the boundaries of any district upon petitions signed by fifty-five per cent of the legal voters of each district affected."

It is to be observed that in this no power to effect the purpose contemplated is conferred upon or vested in the school district as an entity or any of its officers. The power contemplated to effect these purposes is conferred solely and alone upon the qualified voters by petition. Attention has not been called to any other provision or

provisions, and we have found none, which give the district or any of its officers any control over the power and authority thus conferred upon the voters.

Chapter 79, subdivision I, section 4, Comp. St. 1887, contains the following: "The county superintendent shall not refuse to change the boundary line of any district, or to organize a new district when he shall be asked to do so by a petition from each school district affected, signed by two-thirds of all the legal voters in such district." The foregoing quotation from section 79-402, R. S. Supp., 1955, has by amendatory action of the Legislature evolved from this provision of the statutes of 1887.

As to this provision of the statutes of 1887 in relation to parties to a proceeding to change boundaries or organize a new district, this court in Cowles v. School District, 23 Neb. 655, 37 N. W. 493, said: "The laws of this state, as well by policy as by letter, have left the control of the boundaries of school districts, primarily, with the legal voters of each district respectively. * * * After the first or original organization of a new county into one or more school districts, no new district can be formed, old one altered, or the boundaries of any altered, without the movement therefor originating with the legal voters thereof, and their will to that effect being expressed by petition of the strength prescribed by statute. These are matters with which the school district, as a corporation, or quasi corporation, has been vested with neither power nor duty, nor has any district officer, board, or school meeting; but they rest with the voters in their capacity of petitioners, and with them alone. These voters have not complained."

These conclusions were adopted as properly interpretative of the statutes in the respects under consideration as they existed in 1950 in State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N. W. 2d 626. In these respects the statutes were not different in 1956. See, also, School District v. Wheeler, 25 Neb. 199, 41 N. W. 143; School

District No. 67 v. School District No. 24, 55 Neb. 716, 76 N. W. 420.

It becomes clear therefore that the petitioners in school districts Nos. 11 and 33 were the real parties in interest and necessary parties to a proceeding to review the action of the county superintendent in ordering the change of boundaries and consolidating the two districts with school district No. 37, and since it appears that they were not made parties and that service of summons was not had upon them, the motion to dismiss the petition in error was properly sustained. The order of the district court dismissing the petition in error is therefore affirmed.

AFFIRMED.