RAYMOND ARENDS, APPELLEE, V. MERRITT WHITTEN ET AL., APPELLEES, IMPLEADED WITH SCHOOL DISTRICT NO. 39 OF OTOE COUNTY, NEBRASKA, ET AL., APPELLANTS.

109 N. W. 2d 363

Filed June 2, 1961. No. 34942.

*Wellensiek & Morrissey, William F. Davis,* and *Moran & James,* for appellants.

*Griffiths & Lantzy,* for appellee Arends.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action contesting the announced result of a special election on a proposed plan for reorganization of school districts located in Otoe, Johnson, and Nemaha counties.

Appellee, Raymond Arends, hereinafter referred to as plaintiff, as an elector filed a petition to contest the announced result of the election for the reorganization of school districts Nos. 39, 51, 71, 73, 88, 91, and 106, all of Otoe County, and school district No. 29 of Johnson County. The school districts as legal entities, the county superintendent of Otoe County, the Otoe County committee for reorganization of school districts, and the members thereof, were made defendants. An answer was filed by the defendants, County Committee of the County of Otoe in the State of Nebraska for the Reorganization of School Districts, hereinafter referred to as committee, and the individual members of the committee. This answer alleged that said committee, in accordance with the laws of the State of Nebraska, ap-

pointed a subcommittee in association with the Nemaha and Johnson county reorganization committees. It alleged that this subcommittee held hearings and recommended to the committee a proposed reorganization of the area in and around Talmage, Nebraska; and that said matter was reported to and approved by the State Committee for the Reorganization of School Districts. Thereafter, said committee discussed the calling of an election, and notice was duly and legally published. The answer further alleged that the election was held on Tuesday, December 9, 1958, and the vote in the rural area, which included all of the school districts except school district No. 91, as certified by the election board and county superintendent, was 135 in favor and 135 against said reorganization; and that the vote in school district No. 91, which constituted the other unit, was 202 in favor and 4 against said reorganization. The answer of the committee and its individual members then stated that the committee would abide the order of the court. School district No. 39 filed a motion to strike plaintiff's petition, alleging it was defective and failed to state a cause of action. This motion was overruled. Thereafter, school district No. 88 and school district No. 39 both filed demurrers to the petition. The demurrers were overruled and the defendants answered over, reserving the demurrers.

The answer of school district No. 88 admitted the capacity of the parties and alleged that on December 9, 1958, within the several school districts, places were open purporting to be voting places, and voters of the several districts were given what purported to be official ballots. This defendant further alleged that certain individuals named in plaintiff's petition voted in said purported election by mail by the use of ballots furnished, and in the manner prescribed by the county committee. For further answer, this defendant alleged that it was uninformed as to all the steps taken prior to the opening of the polling places, and for that reason

denied each and every allegation not admitted to be true. This defendant further alleged that no election was ever held under the laws of Nebraska, which require certification that the alleged reorganization was approved.

The answer of school district No. 39 was exactly the same as that of school district No. 88, except that it contained an additional allegation that certain persons voted at said purported election who did not meet the qualifications required of an elector to vote at a school election. While evidence was introduced on this point, there is no specific assignment of error. In any event, we quote the following from Mehrens v. Election Canvassing Board, 134 Neb. 151, 278 N. W. 252: "In an election contest on the ground that, through 'ignorance and mistake' of election officers, enough illegal votes were cast in a voting precinct to change the result of the election, the burden is on contestant to prove the casting of the illegal votes and also the candidates for whom they were cast." This is a sufficient answer, because no attempt was made to show how the alleged unqualified voters actually voted.

A trial of the issues presented resulted in a determination that the reorganization plan was duly approved and adopted by the electors of defendant school district No. 91 voting as one unit by a vote of 200 in favor and 4 against, and was also duly approved by the electors of the remaining defendant school districts voting as one unit by a vote of 135 in favor and 130 against. The decree then directed the county superintendent to proceed with the reorganization. Defendant school districts Nos. 39 and 88 appeal to this court. Both of said school districts, who are the only appellants, will be referred to hereinafter as defendants.

Defendants list 14 assignments of error. Assignments Nos. 6, 10, 12, 13, and 14 involve the sufficiency of the preliminary proceedings or the sufficiency of the election notice or ballots. These issues at best can only be said to be presented by inference in the answers or

demurrers of the defendants. Further, the defendants offered no proof of their contentions.

We said in Dunbier v. Stanton, 170 Neb. 541, 103 N. W. 2d 797: "An issue not raised by the pleadings and proof in the district court cannot be raised for the first time in the Supreme Court."

In any event, an examination of the record shows a substantial and sufficient compliance with the statutory provision outlining the preliminary steps to be taken in submitting a proposed school district reorganization plan to a vote at a special election. Also, in passing, we observe that the answer of the county superintendent and the individual members of the county committee affirmatively pleaded the sufficiency of the preliminary steps. These allegations were admitted in the plaintiff's reply. That answer stands unchallenged in this record.

Assignments of error Nos. 1 and 2 are necessarily involved in the other assignments and will not be discussed separately herein.

Assignment of error No. 3 questions the jurisdiction of the court to hear and determine the contest. The following are the applicable provisions of the statute on that point. Section 32-106, R. R. S. 1943, provides: "Election shall mean any primary, special, municipal, or general election, *except school election,* at which the electors of the state or of any subdivision thereof choose by ballot public officials or decide any public questions and propositions lawfully submitted to them." (Italics supplied.)

Section 32-105, R. R. S. 1943, provides: "General election shall mean the general election held in the state on the first Tuesday after the first Monday of November in every even-numbered year."

Section 32-104, R. R. S. 1943, provides: "Special election shall mean an election held out of the regular course for a specific purpose or for a particular emergency."

Section 32-716, R. R. S. 1943, provides: "The provi-

sions relating to general elections shall govern special elections, except where otherwise provided for."

Section 32-1001, R. R. S. 1943, provides: "The provisions of sections 32-1001 to 32-1036 shall apply to contests on account of a general election. The election of any person to any public office, the location or relocation of a county seat, *or any proposition submitted to a vote of the people may be contested:* (1) For misconduct, fraud, or corruption on the part of the judges of election in any precinct, township, or ward, of any board of canvassers, or any member of either board sufficient to change the result; (2) when the incumbent was not eligible to the office at the time of the election; (3)' when the incumbent has been convicted of felony, unless at the time of the election he shall have been restored to civil rights; (4) when the incumbent has given or offered to any elector, or any judge, clerk, or canvasser of the election, any bribe or reward in money, property or thing of value for the purpose of procuring his election; (5) when illegal votes have been received or legal votes rejected at the polls sufficient to change the result; (6) for any error in any board of canvassers in counting the votes, or in declaring the result of the election if the error would change the result; (7) when the incumbent is in default as a collector and custodian of public money or property; or (8) for any other cause which shows that another person was legally elected." (Italics supplied.)

Section 79-426.13, R. R. S. 1943, provides: "If no recommendations for changes are made by the state committee, the proposed plan shall be submitted at a special election called and held as provided in section 79-426.15."

Section 79-426.15, R. R. S. 1943, provides in part: "(1) Not less than thirty nor more than sixty days after the receipt by the county committee of the action of the state committee, the proposition of the adoption or rejection of the proposed plan of reorganization shall be

submitted at a special election to all the electors of districts within the county whose boundaries are in any manner changed by the plan of reorganization."

It is true, as defendants contend, that Chapter 79, R. R. S. 1943, pertaining to our school laws, discloses no authority to contest a school election, and if any authority exists it must be found in Chapter 32, R. R. S. 1943.

Defendants' position is that a school district reorganization election is a school election and as such is included in the exception found in section 32-106, R. R. S. 1943, italicized above. If it is a school election, it is covered by the exception and is not subject to an election contest. If, however, it is not a school election but is a special election, then it is included within the provisions of section 32-1001, R. R. S. 1943, because section 32-716, R. R. S. 1943, provides that the provisions relating to general elections shall govern special elections.

In School District No. 49 v. School District No. 65-R, 159 Neb. 262, 66 N. W. 2d 561, which involved an attack on a school district reorganization, we held such election was not a school election and was subject to the general election laws and an election contest. Defendants attempt to distinguish that case because at the time it was commenced the special election was conducted by the election officials charged with the duty of holding general elections. This provision was changed in 1953 to provide that the county committee for school district reorganization, rather than the general election officials, shall conduct the election and appoint the officials. The statute, however, in other respects remains basically unchanged. It still provides for the apportionment of the election expenses between the counties affected, and not the school districts. Further, the election is still classified in the act as a special election, and while it pertains to a question about school districts, it is not an election held and conducted by a school district or even by school districts. It is held, conducted, and supervised by the county committee for school district re-

organization and not by school district officials. In passing, we further observe that the provisions for a special election authorized by section 79-426.15, R. R. S. 1943, apply uniformly to all classes of school districts throughout the state.

The defendants, failing to make the distinction between a school district election and a special election pertaining to a question about school districts, refer to the case of Farrell v. School Dist. No. 54, 164 Neb. 853, 84 N. W. 2d 126, as supporting their position. Properly interpreted, that case is controlling on the point involved. The action was one to enjoin the enforcement of a contract voted at an annual meeting for the instruction of pupils in another school district. In that case, we said: "With reference to School District No. 49 v. School District No. 65-R, *supra*, it will be observed that the election, by legislative mandate in that case, was not a school election, but was subject to the general election laws and, of course, to an election contest. * * * The appellees in the instant case had no cause of action by way of election contest. An election that can be contested by virtue of section 32-1001, R. R. S. 1943, does not include the voting by the legal voters of a school district, at an annual meeting, upon the proposition of contracting for instruction of pupils."

Defendants complained that the trial court erred in finding it had jurisdiction over all of the parties. If we correctly interpret defendants' position, it is that the qualified electors of the school district involved, and not the districts as legal entities, are the real parties in interest. Defendants therefore contend that all the electors in the various school districts were necessary parties to this action. They rely on Clausen v. School Dist. No. 33, 164 Neb. 78, 81 N. W. 2d 822, as supporting this conclusion. That case, which involved section 79-402, R. R. S. 1943, was one where a petition was duly filed by legal voters of one school district requesting a change of boundaries encompassing other school districts.

*The petitioners initiated the proceedings, and in the petition defined the boundaries.* There is no authority conferred on anyone to alter the boundaries designated in the petition. The county superintendent, after a hearing to determine if a sufficient number of legal voters signed the petition, sustained the petition. Objectors filed an action in the district court to vacate the order. This court held the signers of the petition, who had initiated the proceedings and designated the limits of the district, were the real parties in interest.

The proceedings in the instant case, however, involve sections 79-426.08 to 79-426.15, R. R. S. 1943. Summarized briefly, section 79-426.08 directs the county committee to submit a comprehensive reorganization plan. It provides for its dissolution, and the appointment of another if it does not do so. Section 79-426.09 authorizes the county committee to formulate plans for changes and provides for a subcommittee where more than one county is involved in the proposed changes. Section 79-426.10 provides for a public hearing before the completion of a plan of reorganization. Section 79-426.11 provides that after the hearing the county committee may formulate and complete a plan of reorganization, and specifies what the plan shall contain. Section 79-426.12 provides for the submission of the plan to the state committee if authorized by a majority vote of the members of the committee. Section 79-426.13 provides, if no recommendations for changes are made by the state committee, the plan shall be submitted at a special election. Section 79-426.14 provides, if recommendations are made by the state committee, the committee may accept or reject the recommendations, and if it so desires may hold public hearings in connection with the recommendations, and provides that the plan as finally approved by the county committee shall be submitted at a special election.

It is evident from an analysis of the statutes involved that the plan submitted at the special election is the

plan of the county committee and is not the plan of any of the voters of the district, the officers of the district, or the districts themselves. It would seem, therefore, that the county school district reorganization committee is the real party in interest.

The plaintiff herein made the county committee, all members of the county committee, the county superintendent, and the school districts as legal entities, parties defendant. The trial court properly held that all necessary parties were before the court.

Defendants' assignment of error No. 5 complains of the overruling of defendants' motion to dismiss at the conclusion of all of the evidence, and was not specifically discussed in the brief. Our discussion on the other points sufficiently demonstrates the correctness of the trial court's ruling.

Assignments of error Nos. 7, 8, and 9 involve the trial court's ruling on four absentee ballots and one disabled ballot. Undisputed evidence indicates that prior to the election the secretary of the committee received written applications for six absentee ballots and one disabled ballot from legal voters in the school districts involved. The disabled ballot and four of the absentee ballots were returned and were counted over objection. Previous to the election, the county superintendent, who was the secretary of the committee, had given a news item to the Nebraska City News-Press stating that absentee and disabled voters' ballots were available and that such ballots to be counted must be postmarked December 9, 1958. December 9 was election day. The five ballots returned, which were all from Class I districts, were cast against the reorganization plan and resulted in a tie vote of 135 in favor and 135 against in the Class I districts which voted as a unit. The secretary of the committee testified that the material generally sent out with absentee and disabled ballots applicable to a general election, and the qualifications of the voters at a general election and a school district election are different,

so he did not mail that portion of the material to the applicants. When the ballots were mailed to the applicants the only envelope enclosed for the return of the ballot was the envelope bearing the county superintendent's return. When the ballots were returned there was no certification on any of the ballots by a notary public or other officer as to the manner of voting, nor was there any identification of who cast the vote or who placed the ballot in the envelope and the envelope in the mail. Two of the ballots were received in one envelope. All of the envelopes were postmarked December 9, election day, and all were postmarked within the voting district.

Sections 32-801 to 32-813, R. R. S. 1943, set out the requirements for absentee and disabled voters. There is no pretense that the ballots involved comply with the provisions of the statute. The defendants, however, argue that the statutes are to be construed liberally in favor of the voter and technical rules of construction in an election contest should not be permitted to disfranchise the voter.

In McMaster v. Wilkinson, 145 Neb. 39, 15 N. W. 2d 348, 155 A. L. R. 667, we said: "The laws regulating the privilege of absentee voting have generally received a strict construction. See 29 C. J. S., sec. 210, p. 297. The reason is not far to seek, for absentee voting is a privilege granted the elector, and not an absolute right." We see no reason to change this rule.

Defendants also suggest those provisions are not applicable to a school election. What we have said previously on the right to contest the election disposes of that contention.

The trial court properly excluded the four absentee ballots and the one disabled ballot. This resulted in a vote in all of the districts except school district No. 91, which voted as a unit, of 135 in favor of the reorganization plan and 130 against the plan. The vote in school district No. 91 was 200 in favor of the reorganization plan and 4 against the plan. The proposition therefore

carried in both units. The trial court properly so held and properly directed the county superintendent of schools to proceed with the plan of reorganization. The judgment of the trial court is therefore affirmed.

AFFIRMED.