GERHARD MOMMSEN ET AL., APPELLEES AND CROSS-APPELLEES, v. SCHOOL DISTRICT NO. 25, HOLT COUNTY, NEBRASKA ET AL., APPELLEES AND CROSS-APPELLANTS, EUGENE R. HOFFMAN ET AL., INTER-VENERS-APPELLANTS AND CROSS-APPELLEES.

147 N. W. 2d 510

Filed December 29, 1966. No. 36334.

Norman Gonderinger and Leo F. Clinch, for appellants.

Wagoner & Grimminger for appellees School Dist. No. 25 et al.

Jewell & Otte, for appellees Mommsen et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and FLORY, District Judge.

BROWER, J.

This is an action to contest the results of a special elec-

tion held on December 11, 1965, in School District No. 25, Holt County, Nebraska, at which a proposition to issue bonds not to exceed $696,700 to purchase a school site and build and equip a schoolhouse thereon was submitted to the electors. The counting board at the election found and certified that 842 ballots were cast at the regular polling places within said district, of which 463 were for and 379 against said proposition. All absentee voter ballots, six in number, were rejected. Because the statute required the proposition to carry by a 55 percent vote, it failed, receiving only 54.98 percent of the total ballots cast. The canvassing board certified its finding to the district court on its request. That board reached the same conclusion with respect to the vote at the polls and the result, but certified the circumstances surrounding the procurement, return, and the voting with respect to the six mail votes.

After the election, Gerhard Mommsen and Irene Mommsen, husband and wife, and Chris B. Worden and Mary Worden, husband and wife, who as absentee voters had attempted to cast ballots by mail, brought this action as plaintiffs in the trial court to contest the results of the election. The designated defendants were School District No. 25, Holt County, Nebraska; John H. Kitchens; James R. Davis; Fred Fundus; Richard Brauer; Vernon Thompson; Evan Garwood, Members of the Board of Education of School District No. 25, Holt County, Nebraska; and Members of the Canvassing Board thereof.

Eugene R. Hoffman and Donald Shald, residents, taxpayers, and legal voters of the district, filed a petition in intervention opposing the plaintiffs' petition.

A trial in district court resulted in a finding and judgment that two of the six mail ballots, which were stipulated to have been yes votes, were valid and the other four were invalid which resulted in 465 votes for the proposition, being the required 55 percent of the votes

cast. The trial court thereupon in its judgment found and declared the proposition to have carried.

Interveners then moved for a new trial and have as appellants appealed to this court from an order over-ruling their motion. The plaintiffs appear in this court as appellees and the defendants have filed a brief as cross-appellants, which to all intents and purposes agrees with that filed by the plaintiffs-appellees. Here-after the interveners will be designated as the appellants and all the others collectively as appellees.

Either by admissions in the pleadings or stipulations of the parties, the facts have all been resolved and none are in dispute. All of the voters who attempted to vote by mail were admittedly electors of the district and the legality of the six mail votes cast presents the only issue before us. Two voters are shown to have marked their ballots "no" and four "yes."

Appellants assign error to the trial court in holding that the provisions of the statutes, requiring all ballots to be endorsed on the back by the election officer, was directory and not mandatory. No such endorsement appeared on any of the six mail ballots. Appellants therefore contend that as the mandatory provisions of the statutes were not complied with in respect to all of these ballots they must all be rejected which would require a reversal of the judgment.

We sustain the assignment.

Section 10-703.01, R. R. S. 1943, provides in part: "In all elections where Class I, II, III, or VI districts are voting on the question of issuing bonds of the district, the school board or board of education shall designate the polling places, prepare the form of ballot, and ap-point the election officials. * * * When the polls are closed the election board shall deliver the ballots to the county clerk or election commissioner who, with the two disinterested persons appointed by him, shall proceed to count the ballots. Absent and disabled voters ballots shall be issued by the secretary of the board in the

same manner as provided in Chapter 32, article 8, and returned to the secretary as provided therein. Absent and disabled voters ballots cast at the election shall be counted by the same board as counted the ballots at the election and in the same manner as absent and disabled voters ballots are counted." Section 32-716, R. R. S. 1943, provides: "The provisions relating to general elections shall govern special elections, except where otherwise provided for."

Section 32-819, R. S. Supp., 1965, sets forth detailed provisions with respect to the application for and the receipt of election supplies by an absent or disabled voter. The section concludes with the following sentence: "Before issuing ballots to such applying voter, or to the agent of such applying voter, as the case may be, the county clerk or election commissioner shall identify the same by endorsing his name and official title on the back of the ballot." Section 32-808, R. R. S. 1943, describing how the voter shall cast his ballot, provides in part that the voter shall "exhibit the ballot unmarked to such official and forthwith, in the presence of the official and in the presence of no other person, but in a manner that the official cannot see how the ballot is marked, mark the ballot and fold it so that the endorsed name and title of the county clerk or election commissioner is exposed and all other marks are hidden. The voter shall deliver the ballot to the official, who shall place the ballot in the identification envelope and seal the same." Section 32-817, R. R. S. 1943, provides for the examination by the canvassing board of the envelopes in which the ballots were transmitted as well as the poll books and ballots themselves, pertinent portions of which are here set out: "The board shall compare the identification envelopes with the absent and disabled voters' poll list prepared as in section 32-807. If the names appearing thereon agree, if the signature of the voter on the identification envelope agrees with that on the application retained by the clerk, if it appears that the

applicant is a qualified voter, and if it does not appear that such voter has already voted at such election or died prior to the day of election, or that the vote is fraudulent, the identification envelopes shall be opened; *and if the ballot has the county clerk's or election commissioner's endorsement thereon the same shall be placed, without having been unfolded, in a ballot box to be provided and known as the absent and disabled voters' ballot box."* (Italics supplied.) It then proceeds to state that after all the absent and disabled voters' ballots have been received and either deposited in the box or rejected, the box shall be opened and the votes counted.

These provisions closely resemble the statutes which require a voter who appears at a regular polling place to be given a ballot with the names of two judges of election to be endorsed thereon in ink. § 32-450, R. R. S. 1943. The statutory instructions to voters warn them to fold their ballots so as to expose the names on the back. § 32-451, R. S. Supp., 1965. The voter shall then deliver the ballot so folded to the judge who shall approve the signatures on the back. § 32-456, R. R. S. 1943. The judge is expressly forbidden to deposit any ballot in the box without identification by such signatures. It is made a misdemeanor to do so. § 32-462, R. R. S. 1943.

In the early case of Orr v. Bailey, 59 Neb. 128, 80 N. W. 495, the court, with respect to ballots cast at the polls without such endorsement, held: "The requirements of the Australian ballot law, that the names or signatures of the two judges of an election shall be written on the back of each ballot to be used, and that a ballot not so indorsed shall be void, and not counted, are mandatory, and are not inimical to constitutional provisions." The case was cited and followed as to this precise rule in Swan v. Bowker, 135 Neb. 405, 281 N. W. 891.

In Rasp v. McHugh, 121 Neb. 380, 237 N. W. 394, this court discussed the same situation with respect to an absentee's ballot which had been endorsed by one other than an election official and without purporting to be

endorsed by such official. The court there held: "An official ballot, before being sent to a mail voter, is required by section 32-812, Comp. St. 1929, to be identified by the clerk (or election commissioner in counties of over 150,000 population) indorsing his name and title on the back thereof. A voter upon receiving a ballot indorsed simply 'Mrs. Thomas' should at once return the same. It is not a legal ballot and cannot be counted. It is the duty of the voter in such an event to write for a ballot indorsed so that, according to law and the instructions sent him with the ballot, he can, after marking his choice thereon, fold the same so that the indorsed name and title of the official are exposed on the back thereof when he hands it to the notary public or other officer to be placed in the official envelope by such officer." Indeed as held in McMaster v. Wilkinson, 145 Neb. 39, 15 N. W. 2d 348, 155 A. L. R. 667, absentee voting is a privilege granted an elector, and is not an absolute right. Laws regulating the privilege of absentee voting have generally received a strict construction. And in Arends v. Whitten, 172 Neb. 297, 109 N. W. 2d 363, these same rules are cited from McMaster v. Wilkinson, *supra,* and the court concluded: "We see no reason to change this rule."

The appellees in the present case apparently concede that this court has long held that the endorsement of the ballots by judges of election, when cast at the polls, or by the proper election official, when cast by mail, is mandatory. They contend, however, that this court has relaxed many rules with respect to what the appellees assert are technicalities and should now do so with respect to the requirement of the endorsement of ballots by the election officials. They point out that in the present case those who here voted by mail are conceded to be lawful electors, that it is known how they voted, and all parties admit no fraud is involved. In fact, they seem to contend that there are so many precautions provided and checks taken in the law governing voting by

mail and so many others were applied in the present instance that the accumulated effect of the many used should cure or offset the defect now being considered. They maintain that the statutes requiring the endorsement of the ballots by election officials are to prevent the stuffing of the ballot boxes and that does not occur in voting by mail, and certainly not in the present case. The "Australian ballot law" or system is discussed by this court in Orr v. Bailey, *supra,* and it appears that not only stuffing the ballot box but also the secrecy of the electors' votes are involved. If some votes were endorsed and some not, secrecy might be destroyed. Nor should this court change its rule because such secrecy appears unnecessary in a particular case. Vagueness would result as to which instances the rule should be applied.

Appellees maintain that it is the policy of the law to prevent the disfranchisement of electors who have cast their ballots in good faith, and, while the technical requirements of the absentee voting law are mandatory, the statutes are so construed that a substantial compliance therewith is all that is required. They cite McMaster v. Wilkinson, 145 Neb. 39, 15 N. W. 2d 348, 155 A. L. R. 667, where the court held an endorsement, " 'Theo H. Berg, by ——————————, Deputy,' " the blank being filled in with the written name, was substantial compliance although the title city clerk was omitted. In the present case there was no endorsement whatever and hence no compliance whatever. In reaching its conclusion in Orr v. Bailey, *supra,* the court in its discussion stated: " 'If the statute expressly declared any particular act to be essential to the validity of the election, or that its omission shall render the election void, all courts whose duty it is to enforce such statute must so hold, whether the particular act in question goes to the merits or affects the results of the election or not. Such a statute is imperative, and all considerations touching its policy or impolicy must be addressed

to the legislature. But if, as in most cases, the statute simply provides that certain acts or things shall be done, within a particular time, or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election.' "

For many years the statute clearly pointed out that no ballots were to be placed in the box at the regular polling place without the endorsement of the judges. This court's decision held that endorsement was necessary and without it the ballot was void and could not be counted. Knowing these decisions, the Legislature enacted statutes dealing with absentee voting closely paralleling those applying to voting at the polls. We also held the compliance with those provisions mandatory. The Legislature has not seen fit since to change these statutes. We think this court should not do so either. It is a legislative matter. We conclude that it is mandatory that ballots, including those sent to absentee voters, be endorsed on their back by the proper election official and any ballot not so endorsed is void and must be rejected.

It follows that all six mail votes may not be counted, in which event the sanction of 55 percent of the qualified voters prescribed by statute has not been obtained and the proposition failed to carry. The judgment of the trial court is reversed and the cause remanded with directions to enter judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.