WILLIAM PLOUZEK, SR., ET AL., APPELLEES, V. SALINE COUNTY REORGANIZATION COMMITTEE OF SALINE COUNTY, NEBRASKA, ET AL., APPELLEES, IMPLEADED WITH CLARENCE GAUSMAN, APPELLANT.

149 N. W. 2d 919

Filed March 3, 1967. No. 36431.

Perry, Perry, Sweet & Witthoff, for appellant.

Jerry L. Snyder, for appellees Plouzek et al.

Clarence C. Kunc and Bernard J. Ach, for appellees Saline County Reorganization Committee et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an election contest. The record reflects the following facts.

The Saline County Reorganization Committee, defendant herein, proposed a school reorganization program and submitted the proposition to the voters concerned at a special election held on May 25, 1965, in Dorchester, Nebraska. The plan proposed that School Districts Nos. 44, 19, 1, 31, 25, 11, 94, and part of 64 be reorganized and designated as School District No. 44 of Saline County, Nebraska. At the time of the election, Elmer Kraus, Edward Kraus, Albie J. Kraus, Ester Zegers,

and Francis Zegers, qualified electors residing in that portion of district No. 64 not included in the reorganization plan, went to the place where voting was being conducted and attempted to vote, but the election officials erroneously believed that these individuals who did not reside within the area proposed to be reorganized were not entitled to vote and prevented their voting. Each of these individuals testified that they would have voted "against" the reorganization plan. Later on the day of election, the election officials discovered their mistake and attempted to contact these voters with a view to permitting them to vote, but none of them were able to return in time to do so. Two other individuals, Agnes O'Brien and James W. O'Brien, drove toward the polling place with the intention of voting, but they, too, resided in that portion of district No. 64 not included in the reorganization plan and on meeting the Krauses were informed that they would not be permitted to vote. On learning this, they returned to their home without having attempted to vote.

Maynard Hessheimer, who claimed to be a resident of district No. 31, attempted to vote and was challenged on the ground that he was not a resident of district No. 31 or of Saline County. The required statutory procedure was followed. He answered all questions propounded to him and took the oath provided by statute. He was then permitted to vote, but his vote was placed in a sealed envelope and was not counted when the results of the election were ascertained. Maynard Hessheimer was a single man of legal age, paying personal property taxes in district No. 31 of Saline County, but he had for a number of years made his home with his parents in Lancaster County and still received mail at his parents' address. It appears that he had been, for 2 or 3 years prior to the election, farming and residing with a married brother in district No. 31 of Saline County, notwithstanding which he had voted in Lancaster County in the 1964 fall election. He stated, however, when chal-

lenged, and called as a witness, that it was his intention to make his residence in district No. 31 of Saline County and that such had been his intention since he started farming and residing with the brother in that district.

The vote on the reorganization proposition resulted in 114 votes for the plan and 108 against the plan.

Plaintiffs are qualified electors of district No. 64 of Saline County. Defendants are the Saline County Reorganization Committee of Saline County, the officers and members of such committee, and the county superintendent of Saline County. On trial in the district court, the election was set aside.

Appellant's first assignment of error is based on the failure of the trial court to dismiss the action for failure to make real parties in interest parties defendant. It is now well settled that the County School District Reorganization Committee is the real party in interest in a contest over a reorganization plan submitted by it. Arends v. Whitten, 172 Neb. 297, 109 N. W. 2d 363.

Appellant's second assignment of error challenges the action of the trial court in receiving in evidence statements of the witnesses Edward Kraus, Elmer Kraus, Albie J. Kraus, Ester Zegers, and Francis Zegers to the effect that had they been permitted to vote, they would have voted "against" the reorganization plan. Section 32-1001, R. S. Supp., 1965, provides that one ground for an election contest shall be "when illegal votes have been received or legal votes rejected at the polls sufficient to change the result." The general rule is that a party who wishes to dispute an election upon the basis that illegal votes were cast has the burden of showing not only that they were sufficient to change the election but for which candidate they were cast. Mehrens v. Election Canvassing Board, 134 Neb. 151, 278 N. W. 252; State ex rel. Brogan v. Boehner, 174 Neb. 689, 119 N. W. 2d 147. A mere showing that enough illegal votes were cast or legal votes rejected to possibly change the result of

the election is not sufficient. It has been the policy to require a positive showing of a change in the result of the election by reason of such votes. Where illegal votes have been received, except in the case of absent or disabled voters' votes, this can only be done by ascertaining how those that cast the illegal votes voted or those whose legal votes were rejected would have voted. It is true that in one instance the voter testified regarding an accomplished fact whereas in the second instance, the testimony called for is one regarding intention, but in many cases, evidence of intention is received by the courts and there does not appear to be any valid reason for rejecting such evidence, the witnesses having waived any privilege or immunity which they might have claimed. Without such evidence, a contestant would find it impossible to comply with the requirement that he show for which candidate or proposition the votes were or would have been cast. This evidence was properly received.

Appellant contends that the evidence fails to satisfactorily establish that Maynard Hessheimer was a resident of district No. 31 in Saline County at the time of the election and consequently that his vote should not be counted. He testified positively that he was farming in district No. 31 of Saline County and had been for several years. He had property and paid taxes therein and resided in the home of his brother located therein and his evidence displays an intent to consider his brother's home as his place of residence. He took the oath required of a challenged voter. Section 32-478, R. R. S. 1943, provides that if any person challenged refuses to take the oath or affirmation, his vote shall be rejected. In this instance the evidence indicates that Maynard Hessheimer was actually residing in district No. 31 of Saline County with the intention of making such his permanent residence and that when challenged, he took the oath required of him. His vote should be counted.

Agnes O'Brien and James W. O'Brien, not having

offered to vote or having been denied the privilege of voting, are in the same position as any other elector who may have failed to vote at the election and how they would have voted cannot be considered.

The five votes of the Kraus and Zegers families which were rejected and which would have been cast "against" the reorganization plan and the vote of Maynard Hessheimer which was cast "against" the plan make a total of 6 votes and when added to the 108 votes cast "against" the plan, make a total of 114, the same number as that cast "for" the plan. It is, therefore, apparent that the proposed reorganization plan did not receive a majority of the votes proffered at the election and it should be set aside.

The judgment is affirmed.

AFFIRMED.