IN RE ELECTION CONTEST OF BILL DUGAN, SR.
BILL DUGAN, SR., APPELLANT, v. MILLARD D. VLACH ET AL., APPELLEES.

237 N. W. 2d 104

Filed December 24, 1975. No. 40114.

Donald R. Treadway of Brower, Treadway & Bird, for appellant.

Robert D. Stowell of Stowell & Jensen, for appellee Vlach.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and COLWELL and RIST, District Judges.

RIST, District Judge.

This is an election contest from Greeley County, Nebraska, involving the election of two county commissioners of said county in the general election held there on November 5, 1974. The petition alleges the official canvass showed a total vote for Harry G. Bannister of 819, for Millard D. Vlach, defendant-appellee, 806, and for Bill Dugan, Sr., plaintiff-appellant, 805. Dugan contested the election. The District Court for Greeley County determined the contest to be between Dugan and Vlach, Bannister having been elected, found and determined that Vlach received 806 votes and Dugan

805 votes, and declared Vlach the winner. Dugan has appealed to this court.

Appellant in his brief challenges the decision of the trial court with respect to ballots represented by exhibits 1, 2, 6, and 12, none of which were counted.

We note at the outset that this case is to be considered de novo by this court, and that the burden of proof is on the contestant Dugan. Dilsaver v. Pollard, 191 Neb. 241, 214 N. W. 2d 478.

Exhibit 1 is the disabled voter's envelope of Mrs. Mary E. Foster, which is unopened and apparently contains the ballot of Mrs. Foster. The envelope and ballot contained therein were rejected by the canvassing board and by the trial court. An examination of this exhibit reveals that the voter did not sign the envelope on the line provided for her signature following a statement printed thereon that she was unavoidably detained at home or elsewhere on account of physical disability and was voting in this election only on the ballot contained in the envelope, but instead appears to have signed her name on the other side of the envelope in the space provided for her return address when the envelope was mailed. The envelope contains no signature of any person knowing of the voter's disability as provided thereon. Section 32-807.01, R. R. S. 1943, provides in part that each disabled voter will receive an identification envelope and a set of instructions in such form as the Secretery of State shall prescribe. There is no claim that the identification envelope failed to comply with the form prescribed by the Secretary of State.

Appellant argues that Mrs. Foster's signature on the line provided for her return address is a sufficient compliance for her ballot to be valid, and that the envelope should be opened and her ballot counted. Substantial compliance may well be the guideline for considering the issues here involved. State ex rel. Brogan v. Boehner, 174 Neb. 689, 119 N. W. 2d 147. The voter's signature is not so located as to be reasonably proximate to

the statement requiring her signature, and the signature of the party knowing of her disability is totally lacking. This is not substantial compliance with the requirements for exercising the statutory privilege provided for disabled voters. The trial court correctly rejected the envelope and the ballot of Mrs. Foster.

Exhibit 2 is an official ballot cast at the election and which, with respect to the two positions for county commissioner, shows an X in the square to the left of the name of the candidate Bannister and an X in the square to the left of the name of the candidate Vlach (appellee herein) which latter square is also substantially filled in or blackened with pencil, with the X mark, however, still discernible. Former section 32-488, R. R. S. 1943, provided: "In the canvass of the votes * * * any ballot or parts of a ballot from which it is impossible to determine the elector's choice shall be void and shall not be counted; Provided, when a ballot is sufficiently plain to gather therefrom a part of the voter's intention, it shall be the duty of the judges of election to count such part." The issue here is whether the voter's intention with respect to Vlach can be ascertained. Appellant argues that the intent of the voter with respect to Vlach cannot be reasonably ascertained and the vote for Vlach should have been rejected. Appellee argues that since the voter voted for only two candidates as he was entitled to do, and may mark his preference by filling in the square by the candidate's name or by other mark therein, then the vote for Vlach should be counted. The fact is that the square by Vlach's name contains two apparent marks: (1) An X, and (2) a filling in of the square with an X in it or made over it. We conclude that it is impossible to tell whether the voter voted for Vlach with an X and then tried to blot it out by filling in the square to indicate a cancellation of his vote or whether it was done in some attempt to emphasize or through inadvertence but intending a vote for Vlach. All the above possibilities

exist and we cannot appropriately determine from the record which it was. This being the case, this ballot should not have been counted for Vlach and the trial court erred in so doing.

Exhibit 6 is an official ballot cast in the election which has on the back thereof the signature "Ted Rother." An examination of the tally lists on recount (exhibits 14 and 15) show this to have been treated and considered as the signing of the ballot by the voter Rother. Exhibit 12 is an official ballot cast in the election which has on the bottom thereof the signature of "Kenneth M. Poss." This was likewise treated by the canvassing board on recount as the signing of the ballot by the voter Poss. The trial court appears to have so considered these signatures as did the parties in their briefs and oral argument. Neither of these ballots were counted by the canvassing board on recount or by the trial court.

The case of Swan v. Bowker, 135 Neb. 405, 281 N. W. 891, is controlling with respect to this issue. This court in that case held a ballot signed by a voter was invalid. Appellant suggests that Swan should be overruled and that a voter should not be disenfranchised by his signature if his ballot is otherwise proper. We conclude that there are valid policy reasons why the decision in Swan should stand. Secrecy as to how any elector votes is basic to our electoral process. Article VI, section 6, of the Nebraska Constitution, so provides. The reasons are basic: To identify the ballot of a voter and how he votes opens the door to fraud, undue influence, and a host of corrupt practices which could improperly influence an election. Secrecy of the ballot is so important a public consideration that if a clear showing of the voter's identity appears thereon the ballot should be disallowed regardless of what the voter's intent was in so identifying his ballot. Cases cited in 26 Am. Jur. 2d, Elections, § 264, p. 89, indicate this to be the position in other jurisdictions. We affirm these

policy considerations and adhere to the rule announced in Swan and accordingly determine the trial court correctly disallowed the ballots marked exhibits 6 and 12.

Appellant has noted in his brief two other irregularities listed on the official canvass which he does not challenge per se but alludes to as bases for his position in this case. One is exhibit 8, which is a regular ballot cast in the election, and bearing on the back two letter D's. This ballot was counted and appellant argues that if this ballot is valid then exhibits 6 and 12 should be valid also. We do not agree. These letters are written and located on the ballot and with respect to each other in random fashion. It is apparent that the trial court did not find them to be an identifying mark such as to identify the voter casting the ballot. After examining exhibit 8 we agree and conclude it was properly counted. This is not the case with exhibits 6 and 12.

The other irregularity so noted by appellant in his brief, concerns exhibits 9 and 9A. Exhibit 9 is an application for a disabled voter's ballot for Mary M. Ballweg, not actually signed by her but instead signed by Frank Ballweg on her behalf. Exhibit 9A is the disabled voter's identification envelope of Mary M. Ballweg, executed and signed in proper form. This envelope was opened and the ballot counted by the canvassing board. This was approved by the trial court. Appellant argues that if the Ballweg ballot is counted without her signature on the application therefore as required by statute, then the ballot of Mary Foster (exhibit 1) should be counted notwithstanding the lack of appropriate signatures on her envolope. While the two situations are not the same, nonetheless appellant might well challenge the counting of the Ballweg ballot. He has, however, failed in his burden of proof. It is incumbent on the contestant in challenging a vote that has been counted, to prove not only the casting of an illegal vote but also the candidate for whom it was cast. See, Dilsaver v.

Pollard, *supra*; Plouzek v. Saline County Reorganization Committee, 181 Neb. 440, 148 N. W. 2d 919; State ex rel. Brogan v. Boehner, *supra*. The record contains no evidence as to whom the vote of Mary Ballweg was for. Under the decisions above noted appellant has failed in his burden of proof and such defect as exists with respect to the Ballweg ballot is not considered. The ballot contained in exhibit 1 was not counted and the defect there can be considered without regard as to how the vote was cast.

Appellant in his oral argument, although not in his brief, referred to certain alleged irregularities in the notarial seals appearing on exhibits 11, 11A, 11B, and 11C, these being absent voters' envelopes which were opened and the ballots contained therein counted. Without discussing whether there is in fact any substantial irregularity, we note again as we did in the previous paragraph, that appellant has failed to prove for whom such ballots were cast and such irregularities will not be considered.

The decision of the trial court as to other irregularities appearing in the record is not challenged by appellant either directly or on a comparative basis and requires no further consideration by this court.

Accordingly we determine that inasmuch as the ballot identified as exhibit 2 was improperly counted as a vote for the appellee Vlach, and such vote is now rejected and disregarded, there exists a tie vote between appellant Dugan and appellee Vlach for the office of county commissioner of Greeley County, Nebraska, each receiving a total of 805 votes. We therefore reverse the judgment and remand this cause to the District Court for Greeley County, Nebraska, and direct that said court refer said tie vote to the county canvassing board of Greeley County, Nebraska, for resolution in accordance with the provisions of section 32-1001.42, R. S. Supp., 1975.

Costs of this action are taxed to Greeley County, Nebraska.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.